**James Eugene FLOYD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 57623, 57624.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

Appellants' Motion for Rehearing En Banc Denied Nov. 8, 1978.

22

Randy Schaffer, Houston, for appellant.

Henry Wade, Dist. Atty., John Tatum and Joe M. Revesz, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from two convictions for aggravated promotion of prostitution. Appellant waived trial by jury and entered pleas of guilty to both indictments. Punishment was assessed by the court in each case at six years' confinement in the penitentiary.

■ In his sole ground of error, appellant challenges the constitutionality of V.T.C.A., Penal Code, Sections 43.02(a)(1) (Prostitution) and 43.04 (Aggravated Promotion of Prostitution)[1] on the grounds that they are "unconstitutionally indefinite, uncertain, vague and overbroad, in violation of the due process clause of the Constitutions of the United States and the State of Texas."[2] We affirm.

Section 43.04 provides:

"Aggravated Promotion of Prostitution

"(a) A person commits an offense if he knowingly owns, invests in, finances, controls, supervises, or manages a *prostitution enterprise* that *uses* two or more prostitutes.

"(b) An offense under this section is a felony of the third degree." (Emphasis supplied).

Appellant urges that Section 43.04 is unconstitutionally vague because the term "prostitution enterprise," as used in the statute, is capable of various meanings. He further urges that the statute is rendered unduly confusing and ambiguous by its use of the term "uses."

1. Unless otherwise indicated, all statutory references are to Texas Penal Code.

2. We note that the thrust of appellant's constitutional attack is aimed at Section 43.04 and that his challenge to Section 43.02(a)(1) is by necessary implication alone. V.T.C.A., Penal Code, Sections 43.01 and 43.02(a)(1) define "prostitution" as offering to, agreeing to, or engaging in sexual conduct in return for a fee payable to the actor. See also *Taylor v. State,*

■ It is true that a law must be sufficiently definite that its terms and provisions may be known, understood and applied; otherwise, it is void and unenforceable. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Cr.App.1978). However, a statute is not rendered unconstitutionally vague merely because the words or terms are not specially defined. *Powell v. State,* 538 S.W.2d 617, 619 (Tex.Cr.App.1976).

■ A statute which is arguably vague may be given constitutional clarity when aided by the standard rules of statutory construction. One such rule is that terms not defined in a statute are to be given their plain and ordinary meaning. *Courtemanche v. State,* 507 S.W.2d 545, 546 (Tex.Cr.App.1974). Moreover, words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Powell v. State,* supra at 619.

■ In *Taylor v. State,* 548 S.W.2d 723 (Tex.Cr.App.1977), we applied the foregoing rules of construction to Section 43.04 and defined "prostitution enterprise" as "a plan or design for a venture or undertaking in which two or more persons offer to, agree to, or engage in sexual conduct in return for a fee payable to them." Id. at 723. Accordingly, we hold that the term "prostitution enterprise" is not vague, indefinite or ambiguous.

■ Nor is the word "uses," as it is found in the context of Section 43.04, confusing and ambiguous. Under Section 43.04 a prostitution enterprise must "use" two or more prostitutes. Appellant contends that this word creates ambiguity and confusion because the Legislature failed to specify the

548 S.W.2d 723 (Tex.Cr.App.1977). We hold that this statutory definition, when measured by common understanding and practices, fairly apprised appellant of the nature of the conduct it proscribes. *Farmer v. State,* 540 S.W.2d 721, 722 (Tex.Cr.App.1976). Hence, appellant's constitutional challenge to Section 43.02(a)(1) must fail and our further consideration of his ground of error will be limited to his challenge to Section 43.04.

particular purpose for which two or more prostitutes must be used. This contention is without merit. Regardless of legislative syntax, the word "uses," as it is found in the context of Section 43.04, is capable of only one meaning. Both common logic and the rules of grammar dictate that a prostitution enterprise that uses prostitutes necessarily uses them for prostitution.

■ We hold that the terms complained of by appellant do not render Section 43.04 so ambiguous and vague that men of ordinary intelligence would guess at its meaning or differ as to its application. We further hold that appellant had sufficient notice of the type of conduct proscribed by the statute and therefore he was not deprived of procedural due process. See *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439, 458 (1974).

■ Appellant also contends that Section 43.04 suffers from the constitutional infirmity of "overbreadth" because it fails to except from its reach "conduct which is perfectly proper and legitimate." In support of this contention, appellant advances several hypothetical situations in which he argues that the actor's conduct, while technically falling within the reach of Section 43.04, should not be penalized because there is no illicit motive involved.

An intriguing hypothetical presented by appellant involves a situation where a man supports and finances two mistresses whom he knows to engage in prostitution in his absence. Under a literal application of Section 43.04, appellant argues, the hypothetical man would be guilty of aggravated promotion of prostitution. We cannot agree.

■ The plain and ordinary meaning of the term "prostitution enterprise," as it is used in Section 43.04, is synonymous with the term "prostitution business." The term "prostitution enterprise" includes the concept of a willingness or desire on the part of the entrepreneur to promote and further the venture or undertaking and bring it to a successful conclusion. Thus, where it is the actor's immediate objective to promote prostitution as a particular field of endeav-

or, his conduct is punishable under Section 43.04. In the hypothetical situations presented by appellant, the actor, although he had passive knowledge of the surrounding circumstances, was not engaged in a "prostitution enterprise" as that term is commonly understood and accepted because there was no immediate objective to promote prostitution as a particular field of endeavor. Passive knowledge of surrounding circumstances alone does not constitute an enterprise or business.

Appellant advances another ingenious hypothetical in which he discusses so-called sexual dysfunction clinics, apparently a recent phenomenon in this country.

As we have been informed by appellant, these clinics provide sexual therapy for persons who experience problems in their sexual relations. The therapy provided by the clinic may, on some occasions, include the act of sexual intercourse between the patient and "sex surrogate," a paid partner furnished by the clinic. The patient is charged a pre-arranged fee by the clinic who in turn compensates the surrogate. Appellant argues that those who operate a sexual dysfunction clinic in Texas could be prosecuted for aggravated promotion of prostitution if the therapy provided involves sexual conduct as defined in V.T.C.A., Penal Code, Section 43.01(4).

We decline to pass upon the legality vel non of such an enterprise under our present Penal Code. We note, however, that if the Legislature intended medical therapy to be an affirmative defense in offenses of this nature, it would have so provided. Accordingly, we hold that appellant's hypothetical concerning sexual dysfunction clinics should properly be addressed by the Legislature as a matter which is wholly within their province.

We have thoroughly considered appellant's contentions and find them to be without merit. Accordingly, appellant's ground of error is overruled.

The judgments are affirmed.