

# The Attorney General of Texas

May 13. 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666·

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. MW-466

Re:   Construction of article 3930(c), V.T.C.S.

Dear Mr. Driscoll:

You ask a series of six questions concerning the proper construction of article 3930(c), V.T.C.S., which provides in pertinent part:

> Section 1.   (a)   Each legal paper offered or presented to a county clerk and county recorder for filing or for recording other than fees authorized in Article 3930(b), Revised Civil Statutes of Texas, 1925, should meet the requirements specified in Subsections (b) through (g) of this section.
>
> (b)   A page is defined as one side of a sheet of paper, no more than 8½ inches wide and 14 inches long, of sufficient weight and substance that printing or typing or handwriting thereon will not smear or 'bleed through,' and the paper shall be suitable otherwise for reproducing from it a readable record by photocopy or photostatic or microphotographic process or processes used in the offices of county clerks.
>
> ....
>
> (e)   Names shall be legibly typed or printed immediately under each signature.
>
> (f)   All photostats, photocopies, and other types of reproduction shall have black printing, typing, or handwriting on a white background, commonly known as positive prints.
>
> ....

Sec. 2.   (a)   The filing fee or recording fee for each page of a legal paper which is offered or presented for filing or for recording to a county clerk or county recorder and which fails to meet the requirements for, or which is deficient in, one or more of the items specified in Section 1 of this article, shall be equal to twice the regular filing fee or recording fee provided by statute for that page.

You wish to know whether the county clerk of Harris County should charge double the filing fee as provided in section 2 of the statute in each of the following factual situations:

a.   For a page of an exhibit, attachment or rider attached to a legal document which exhibit, attachment or rider bears an original signature which does not have the name legibly typed or printed immediately under the signature.

b.   For a page of an exhibit, attachment or rider which is a photocopy and is attached to a legal document which bears a photocopy of a signature which does not have the name legibly typed or printed immediately under the photocopy signature.

c.   For a page of a legal document which bears the signature of a corporation with the name of the corporation printed or typed and signed by the president or other officer thereof, without the name of the president or other officer signing, printed immediately below his signature.

d.   For a page of an affidavit which bears the signature of the notary public without the notary public's name printed or typed immediately below the notary public's signature.

e.   For a page of a legal document which bears an acknowledgment without the notary public's name printed or typed immediately below his signature.

f.   For a page of a certified copy of a probate proceeding from another county which bears a photocopy of a signature of a judge without the name of the judge printed or typed immediately thereunder.

We conclude that the county clerk may not charge double the filing fee in the first, second, and sixth factual situations you present. The county clerk, however, should charge double the filing fee in the third, fourth, and fifth factual situations.

Your principal concern centers on the requirement advanced in subsection (e) which provides that "[n]ames shall be legibly typed or printed immediately under each signature." (Emphasis added). There is no direct authority on point, and the statute is reasonably susceptible of two constructions. Under one construction, the requirements set forth in section 1 apply not only to each page of a "legal paper offered or presented to a county clerk and county recorder for filing or for recording" but also to each photocopy or rider attached thereto. Under this reading, the requirement that names shall be legibly typed or printed immediately under each signature would be imposed upon photocopies and riders attached to pages of legal papers as well as upon normal pages of legal papers. It is our opinion, however, that a more reasonable construction would impose the subsection (e) requirement only on a page of a legal paper on which a signature is affixed, not on a photocopy or a rider attached to a page. We have two reasons in support of this construction.

First, the intent of a statute must be found in its language and not elsewhere, and its interpretation must be such as its words in their plain sense fairly sanction and will clearly sustain. Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex. 1968). Terms which are not defined in a statute are to be given their plain and ordinary meaning, and words defined in dictionaries and with meaning so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. Floyd v. State, 575 S.W.2d 21 (Tex. Crim. App. 1978), appeal dismissed, 442 U.S. 907 (1979). See also Sanford v. State, 492 S.W.2d 581 (Tex. Crim. App. 1973); City of Naussau Bay v. Winograd, 582 S.W.2d 505 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.). Subsection (e) requires that names shall be legibly typed or printed immediately under each signature. One "signs" a document when he writes or marks something on it in token of his intention to be bound by its contents. Delespine v. State, 396 S.W.2d 133 (Tex. Crim. App. 1965), cert. denied, 384 U.S. 1019 (1966), rehearing denied, 385 U.S. 893 (1967). To "sign" an instrument or document is to make any mark upon it in token of knowledge, approval, acceptance, or obligation, and the sign thus made is a "signature." Bustillos v. State, 213 S.W.2d 837 (Tex. Crim. App. 1948). In the case of a photocopy, no signature is affixed. Rather, the photocopy, as a "picture" of a document, contains a representation of a signature, not the signature itself. Therefore, properly speaking, a photocopy does not contain a signature, but rather only the representation of one.

Second, the maxim of statutory construction long recognized in Texas, "expressio unius est exclusio alterius", signifies that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others. State v. Mauritz-Wells Company, 175 S.W.2d 238 (Tex. 1943); City of Dallas v. Yarbrough, 399 S.W.2d 938 (Tex. Civ. App. - Dallas 1966). We construe the statute to set forth requirements in subsections (b) through (e) for legal pages of legal papers. Photocopies are governed solely by the requirement of subsection (f), and riders and attachments are governed by subsection (g). We now turn to the specific factual situations which you raise.

In fact situation "a" we construe the subsection (e) requirement to apply to pages of a legal document, not to a rider or attachment. Therefore, the county clerk may not charge double the filing fee in factual situations where the rider or attachment fails to contain a legibly printed or typed name under a signature.

We turn to fact situations "b" and "f." In both situations, the "signature" which does not have a name legibly typed or printed underneath is a photocopy and a representation of a signature rather than a signature per se. Therefore, we conclude that, in such instances, the county clerk is without authority to charge double the filing fee.

Finally, the statute clearly empowers the county clerk to charge double the filing fee in factual situations "c", "d", and "e". In factual situation "c", it is manifest that a corporation cannot affix a signature to a legal paper. It is equally manifest that any legal paper signed by a corporate officer on behalf of a corporation is required to have that corporate officer's name legibly typed or printed underneath that signature. It is also evident that notaries are required to print or type their names beneath their signatures, both on affidavits and on legal documents which bear a notary's acknowledgment. We note that article 5954, V.T.C.S., already imposes such requirement on legal documents bearing a notary's acknowledgment.

## S U M M A R Y

A county clerk may not charge double the filing fee in the following factual situations: (1) where a page of an exhibit, attachment, or rider attached to a legal document bears an original signature but fails to contain the name legibly typed or printed immediately under the signature; (2) where a page of an exhibit, attachment, or rider which is a photocopy attached to a legal document bears a photocopy of a signature immediately under which the name is not legibly

printed or typed; and (3) where a page of a certified copy of a probate proceeding from another county bears a photocopy of a signature of a judge immediately under which the name is not legibly printed or typed.

The county clerk should charge double the filing fee in the following factual situations: (1) where a page of a legal document bears the signature of an officer of a corporation signed on behalf therefor immediately under which the name is not legibly printed or typed; (2) where a page of an affidavit bears the signature of a notary public immediately under which the name is not legibly printed or typed; and (3) where a page of a certified copy of a probate proceeding from another county bearing a photocopy of a signature of a judge immediately under which the name is not legibly printed or typed.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Margaret McGloin
Jim Moellinger