**David Leon COTTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0537–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 1983.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before DUGGAN, JACK SMITH and LEVY, JJ.

## OPINION

DUGGAN, Justice.

Appellant was convicted in a non-jury trial of the offense of selling beer to a person "showing evidence of intoxication," in violation of § 61.71(a)(6) and § 61.77 of the Alcoholic Beverage Code. (Vernon 1978 & Vernon Supp.1983). His punishment was assessed at a $200 fine.

We first consider appellant's second, or supplemental, ground of error, which urges that § 61.71(a)(6) is unconstitutionally vague and overbroad when applied in a criminal context.

Section 61.71(a) lists thirty reasons for which a retail dealer's on-premises or off-premises liquor license may be cancelled or suspended. Among them, § 61.71(a)(6) permits cancellation or suspension of a license if it is shown that a licensee "sold, served, or delivered beer to a person showing evidence of intoxication." Section 61.71(d) provides that subdivision (a)(6) also applies to an agent, servant, or employee of the licensee. Under § 61.77, these same acts are made criminal violations punishable under Section 1.05 of the Alcoholic Beverage Code.

Since neither the phrase "shows evidence of intoxication" nor the word "intoxication" is defined in § 61.71(a)(6) or elsewhere in the Alcoholic Beverage Code, appellant argues that an overzealous police officer can determine that anyone "shows evidence of intoxication" and can use that section's pro-

scription as a subterfuge for the arrest of a license holder or employee of a Texas Alcoholic Beverage Commission licensed establishment.

 A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and if it encourages arbitrary and erratic arrests and convictions. *Goocher v. State*, 633 S.W.2d 860 (Tex.Cr.App.1982); *Bates v. State*, 587 S.W.2d 121 (Tex.Cr.App.1979); *McMorris v. State*, 516 S.W.2d 927 (Tex.Cr.App.1974); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law. *Ely v. State*, 582 S.W.2d 416 (Tex.Cr.App.1979); *Baker v. State*, 478 S.W.2d 445 (Tex.Cr.App.1972); *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). A law must be sufficiently definite that its terms and provisions may be known, understood and applied; otherwise, it is void and unenforceable. *Floyd v. State*, 575 S.W.2d 21 (Tex.Cr.App.1978), *appeal dism'd*, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979).

 However, a statute is not rendered unconstitutionally vague merely because its words or terms are not specifically defined. *Floyd, supra*, at 23; *Powell v. State*, 538 S.W.2d 617, 619 (Tex.Cr.App.1976), *cert. denied*, 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298. The Code Construction Act, Tex.Rev. Civ.Stat.Ann. art. 5429b–2 (Vernon Supp. 1983), provides in § 2.01 that words and phrases are to be "read in context and construed according to the rules of grammar and common usage." Pointedly, the Alcoholic Beverage Code, § 1.02, provides that the Code Construction Act applies to each of its provisions unless otherwise expressly provided.

In *Campos v. State*, 623 S.W.2d 657 (Tex. Cr.App.1981), the Texas Court of Criminal Appeals upheld the constitutionality of

§ 101.63 of the Alcoholic Beverage Code against the contention that it fails to provide a standard or definition of the words "intoxicated" or "intoxication." Section 101.63 reads, in pertinent part:

> (a) A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an intoxicated or insane person.

In rejecting the contention that no standard or definition is provided, the court wrote:

> We cannot agree that the failure to define "intoxicated" in § 101.63 renders the statute "defective" or unconstitutionally vague. A person of common intelligence can determine with reasonable precision what conduct it is his duty to avoid under the statute.

623 S.W.2d at 659.

This court's decision in *Alexander v. State*, 630 S.W.2d 355 (Tex.App.—Houston [1st] 1982, no writ) held that the public intoxication statute, Tex.Penal Code Ann. § 42.08(a) (Vernon 1974), was not unconstitutionally vague in creating an offense for a person to appear in a public place "under the influence of alcohol or any other substance, *to the degree that he may endanger himself or another.*" (Emphasis added.)

We hold that the phrase "showing evidence of intoxication" is not unconstitutionally vague, but sufficiently clear that men of ordinary intelligence need not guess at its meaning nor be in doubt as to what conduct is prohibited.

Appellant urges, however, that the phrase in question is not only "vague," but also "overbroad," citing *Baker v. State, supra,* which struck down the Texas vagrancy statute as unconstitutionally vague and overbroad. As stated in *Baker,*

> A statute is overbroad which prohibits both activity which is protected by the Constitution of the United States and activity which is not so protected. [Citing authorities.]

478 S.W.2d at 448.

*Baker* found the former Texas vagrancy statute, Tex. Penal Code art. 607 (1925) (repealed 1973), to be overbroad in that it

essentially created a status offense for a person to be, in combination, (1) able bodied, (2) unemployed, and (3) "without visible means of support" or "without property to support" oneself. The proscription was overbroad in that it branded "as present criminals both persons who might in the future commit an overt criminal act and those who might not," without overt action on the part of the individual charged. 478 S.W.2d at 448.

That which is penalized in the section of the Alcoholic Beverage Code before us, i.e., selling or serving or delivering beer to persons showing evidence of intoxication, is not mere status or inactivity, but conduct. Neither does it intrude into constitutionally protected conduct by banning sales to persons to whom one should reasonably be entitled to sell. We hold the challenged § 61.71(a)(6) not to be overbroad. Appellant's second ground of error is overruled.

Appellant's first ground of error proceeded under the belief that the complaint was originally filed under § 101.63 of the Alcoholic Beverage Code, and urged that the misdemeanor information under which appellant was convicted failed to allege an offense under that section. It is true that an offense is not charged under § 101.63; however, as stated in our earlier consideration of appellant's supplemental ground of error, the charge against him was brought under § 61.71(a)(6), *supra,* which makes the acts listed therein criminal violations punishable under § 1.05 of the Alcoholic Beverage Code. The information tracks the wording of § 61.71(a)(6), and charges a misdemeanor offense. Appellant's first ground of error is overruled.

The judgment is affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

I respectfully dissent.

Reasoning from the very same authorities cited by the majority opinion, the critical phrase "showing evidence of intoxication" should render any criminal statute void for

vagueness because it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. To me, it would certainly encourage arbitrary and erratic arrests and convictions, *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App.1979); *McMorris v. State,* 516 S.W.2d 927 (Tex.Cr.App.1974); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). It is important to realize that we are dealing here not with a statute prohibiting sale of beer to a "intoxicated" person, or to a person under the influence of alcohol "to the degree that he may endanger himself or another", or even to a person showing "substantial" evidence of intoxication, but rather to a person "showing evidence of intoxication." This critical phrase creates a legal penumbra so broad as to confer upon police officers an unconstitutional scope of discretion in the application of the law. Slurred speech, bloodshot eyes, a staggering gait, apparently alcoholic breath, or simple drowsiness may all be taken as *some* "evidence of intoxication", but this provides no ascertainable standard of guilt. To the contrary, it leaves wide open the standard of criminal responsibility, relying on guesses as to the intoxication point or medical condition of a particular person demonstrating any one or more of such elements constituting "evidence of intoxication."

For this reason, I would hold that Article 61.71(a)(6) is lacking in intelligible standards to guide those charged with its enforcement. It is axiomatic that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires a criminal statute to be clear, definite, and have an ascertainable standard of guilt. This statute fails to comply with such requirements.

I would reverse and remand with instructions to dismiss the information.