Meisner v. State 
















IN THE
TENTH COURT OF APPEALS
 

 No. 10-94-276-CR

        JEFFREY B. MEISNER,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee

 

From the County Court at Law
Ellis County, Texas
Trial Court # 93-12626-CR
                                                                                                    

O P I N I O N
                                                                                                    

          Appellant Jeffrey Meisner pled no contest to the traffic violation of "Digging Out" in the
Waxahachie municipal court under section 32-132 of the City Code. Waxahachie, Tex. Code
§ 32-132 (1973). Meisner appealed to the County Court at Law of Ellis County. The court denied
Meisner's petition to declare the ordinance unconstitutional for vagueness and his motion to quash
the complaint. In a trial before the court, he was found guilty and assessed a $10 dollar fine.
          In two points of error, Meisner argues that (1) the trial court committed error by denying
his petition to declare the traffic ordinance unconstitutional for vagueness and uncertainty; and (2)
the word "willfully" in section 32-132 was insufficient to determine the requisite culpable mental
state required for the offense. 
          Under article 4.03 of the Texas Code of Criminal Procedure, the courts of appeals shall
not have criminal jurisdiction in those cases appealed from any inferior court to the county court
of law in which the fine imposed by the county court of law does not exceed $100 dollars, unless
the sole issue is the constitutionality of the statute or ordinance upon which the conviction is based. 
Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon 1994).
          Since the fine does not exceed $100 and the second point is based upon non-constitutional
grounds, we must dismiss this argument for lack of jurisdiction. However, because the sole issue
remaining for disposition is a constitutional issue, we will consider Meisner's claim that the
ordinance is unconstitutionally vague. See Bidelspach v. State, 840 S.W.2d 516, 519 n.2 (Tex.
App.—Dallas 1992), pet dism'd, improvidently granted, 850 S.W.2d 183 (Tex. Crim. App. 1983).
          The record reflects that on April 7, 1993, at approximately 2:45 P.M., Meisner and his
wife got in his pickup truck and left his place of business in Waxahachie to pick up their child
from school. He pulled into the street, stopping at a red light at the next intersection. When the
light turned green, Meisner turned left onto U.S. Highway 77. At trial, there was some evidence
that it had been raining that morning, and that the streets were wet. Meisner's truck squealed and
spun its tires at both turns. Officer Barry Owens of the Waxahachie Police Department observed
Meisner's actions, as he was stopped at the same intersection on Highway 77. Owens turned on
his emergency lights and proceeded to pull Meisner over. The officer charged Meisner with two
violations: (1) "Racing: Attempt to Outdistance" and (2) "Exhibition of Acceleration."
          On May 14th, 1993, the State amended the complaint and charged Meisner with violating
section 32-132 of the Waxahachie City Code, which provides:
Any driver of any Motor Vehicle who shall willfully cause such Vehicle to 'Dig Out,' or
shall cause any such Vehicle to make unnecessary noise by reason of operating such
Vehicle in such manner as to cause the wheels thereof to spin or slide on the roadway of
any street when starting such Vehicle or while making any turning movement shall be
deemed guilty of a misdemeanor.

Waxahachie, Tex. Code § 32-132 (1973) (emphasis added).
          In his sole remaining point of error, Meisner asserts that the phrases "to willfully cause .
. . to Dig Out" and "unnecessary noise" in section 32-132 are void for vagueness as applied to
him, and thus make the ordinance unconstitutional under the United States Constitution. See U.S.
Const. amend. XIV.
          Whenever an attack upon the constitutionality of a statute or ordinance is presented for
resolution, we begin with the presumption that the statute is valid, and that the legislative body
did not act arbitrarily or unreasonably in enacting the statute. Ex Parte Granviel, 561 S.W.2d
503, 511 (Tex. Crim. App. 1978). We must uphold the ordinance if a reasonable construction can
be determined that will render the ordinance constitutional. Ely v. State, 582 S.W.2d 416, 419
(Tex. Crim. App. 1979). The burden rests upon the individual challenging the ordinance to prove
its unconstitutionality. Granviel, 561 S.W.2d at 511. Furthermore, when no First Amendment
rights are involved in a vagueness challenge, as here, we need only determine whether the
ordinance is invalid as applied specifically to the appellant's conduct. Clark v. State, 665 S.W.2d
476, 483 (Tex. Crim. App. 1984).
          When examining a vagueness challenge, the reviewing court must make a two-part inquiry
in order to determine if a criminal statute or ordinance is void for vagueness. State v. Fry, 867
S.W.2d 398, 401 (Tex. App.— Houston [1st Dist.] 1993, no pet.). The first inquiry is whether
an individual of ordinary intelligence receives sufficient information from the statute that his
conduct is proscribed by law. Id. The second inquiry must examine whether the ordinance
provides sufficient notice to law enforcement personnel in order to prevent arbitrary and erratic
enforcement of the ordinance. Id. Either of these inquiries form an independent ground to find
a statute void for vagueness. Id. 
          In reviewing the Waxahachie ordinance, we find that it allows an individual to be convicted
either on grounds of "willfully . . . Dig[ging] Out" or for causing "unnecessary noise." Because
no determination was made as to what part of the ordinance Meisner was convicted on, his
constitutional claim will fail unless both sections of the statute are found void for vagueness.
           Meisner argues that the terms in the Waxahachie ordinance are not sufficiently definite
to give him notice that his conduct was proscribed. He argues that the phrase "willfully cause
such vehicle to `Dig Out'" is unconstitutionally vague and gives law enforcement officers
unrestrained discretion in determining whether an individual has violated the ordinance. The
Waxahachie Code sufficiently defines the term to "Dig Out,"


 and it seems sufficiently clear in its
meaning. However, the word "willful" presents some problems, because it implies a requirement
of mental culpability. Moreover, a requirement of scienter may mitigate a law's vagueness,
especially with regard to the adequacy of notice to an individual that his conduct is proscribed. 
Wisenbaker v. State, 860 S.W.2d 681, 689 (Tex. App.— Austin 1993, pet. ref'd). However, the
traffic code makes no attempt to define the term. While it is true that the ordinance is not
specifically defined by the Waxahachie City Code, a statute is not rendered unconstitutionally
vague merely because the words or terms are not specifically defined. Floyd v. State, 575 S.W.2d
21, 23 (Tex. Crim. App. 1978). Terms not specifically defined are to be given their plain and
ordinary meaning. Courtemanche v. State, 507 S.W.2d 545, 546 (Tex. Crim. App. 1974). It is
not required that these statutes or ordinances be defined with mathematical exactitude, only that
they provide fair notice to individuals, in light of common understanding and practices. Boyce
Motor Lines v. U.S., 342 U.S. 337, 340, 72 S.Ct. 329, 330 (1952). In addition, words defined
in dictionaries and with meanings so well known as to be understood by a person of ordinary
intelligence are not to be considered vague and indefinite. Floyd, 575 S.W.2d at 23. 
          What exactly constitutes "willful" conduct? The United States Supreme Court has stated
that "`willful' is a word `of many meanings, its construction often being influenced by its
context.'" Screws v. State, 325 U.S. 91, 101, 65 S.Ct. 1031, 1035 (1945). However, in the
context of the Waxahachie City Code, the word "willful" is not adequately defined. In the absence
of a statutory definition, we must look to how the term is measured by common understanding and
practices. Unfortunately, the dictionary provides no guidance in defining this term either. For
example, Black's Law Dictionary has almost a page and a half of definitions describing the
different uses of "willful." Black's Law Dictionary 1599-1600 (6th ed. 1990). The absence
of any recognizable standard prevented Meisner from determining that his conduct was illegal. 
          With regard to the second inquiry, laws must provide specific standards for those who
apply them in order to prevent arbitrary and discriminatory enforcement. See Grayned v. City of
Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298 (1972). Police cannot enforce the law solely
at their discretion. See id. at 2299. A law that imposes a criminal penalty is subject to a greater
degree of scrutiny by a reviewing court. Lear v. State, 753 S.W.2d 737, 740 (Tex. App.— Austin
1988, no pet.). At trial, Officer Owens stated that it was purely in his discretion to determine if
Meisner acted "willfully." In other words, the arresting officer can arbitrarily legislate the
meaning of "willful," whether it refers to intentional, knowing, or reckless conduct among others,
in order to cite an individual with a violation of the ordinance. Although we are required to find
that the ordinance is vague under only one of the two inquires, we find that the first section of the
ordinance fails both inquiries and is so vague that men of common intelligence must guess as to
its meaning and differ as to its application. 
          Meisner also argues that the term "unnecessary noise" is unconstitutional based on
vagueness grounds. A discussion of the possible vagueness of the phrase "unnecessary noise"
presents a much closer question. Our legal system has long held to the proposition that an
individual must be given fair notice of the offending conduct proscribed by law. Papachristou v.
City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 843 (1972). The Waxahachie ordinance
does not provide adequate notice of what constitutes unnecessary noise. It gives law enforcement
officers unfettered discretion in determining what constitutes a violation. It is true that law
enforcement officers must exercise some level of discretion in enforcing the law. Grayned v.
U.S., 408 U.S. at 112, 92 S.Ct. at 2301. However, this discretion must be limited by certain
recognizable boundaries to insure due process for all individuals. Moreover, these boundaries are
determined in part by the nature of the conduct that is proscribed as well other measuring factors,
such as when and where the conduct is illegal. See id. In Grayned v. United States, the appellant,
Grayned was charged with violating a Rockford, Illinois, anti-noise ordinance which provided:
No person, while on public or private grounds adjacent to any building in which
a school or any class thereof is in session, shall willfully make or assist in the
making of any noise or diversion which disturbs or tends to disturb the peace or
good order of such school session or class thereof. . . .
Id. In finding the ordinance constitutional, Justice Douglas writes:
Although the prohibited quantum of disturbance is not specified in the ordinance,
it is apparent from the statute's announced purpose that the measure is whether
normal school activity has been or is about to be disrupted. We do not have here
a vague, general 'breach of the peace' ordinance, but a statute written specifically
for the school context, where the prohibited disturbances are easily measured by
their impact on the normal activities of the school. Given this `particular context,'
the ordinance gives 'fair notice to those to whom (it) is directed.' 
 
Id. The present case differs from Grayned. Unlike the Rockford ordinance, the Waxahachie
traffic ordinance lacks any context. It provides that an individual violates the ordinance if he
causes "unnecessary noise" when spinning his wheels or turning his vehicle. This phrase allows
the law enforcement officer to subjectively legislate the meaning of the statute. The ordinance
does not provide any boundaries that allow ordinary individuals or law enforcement personnel to
determine what conduct is proscribed. While an ordinance is not vague based solely on the fact
that it is not limited by such factors as time and manner, such lack of boundaries is persuasive that
the ordinance is lacking in definiteness. See Corwin v. State, 870 S.W.2d 23, 40 n.3 (Tex. Crim.
App. 1993), cert. denied, — U.S. —, 115 S.Ct. 95 (1994). What may be deemed unnecessary
noise to the officer may seem perfectly reasonable to another officer or the public in general. 
          Moreover, when is noise considered unnecessary? Not only do people differ upon what
is unnecessary noise at one period of the day, but it is reasonable to assume that individuals would
also have varying opinions of what is unreasonable depending on the time of day. Surely noise
considered reasonable by some people at eleven in the morning may be totally unreasonable at
eleven at night. 
          Furthermore, the conditions of the environment also effect what is reasonable. In the
present case, there is evidence in the record that it had been raining earlier that morning, and that
when Meisner pulled out of the parking lot and subsequently turned left at the intersection, his
tires spun on the wet surface, making a noise. It is possible that the squealing of tires and spinning
of wheels upon a wet road was necessary. The ordinance did not provide sufficient notice to
Meisner that his conduct was proscribed.
          In addition, this ordinance failed to provide sufficient notice to the Waxahachie police
officers of what conduct is proscribed. Officer Owens was unsure what conduct was proscribed
by the Waxahachie City Code. In fact, the ordinance was apparently so indefinite and imprecise
that Owens charged Meisner under two other provisions of the traffic code, "Racing— Attempting
to Outdistance" and "Exhibition of Acceleration." 
          Moreover, the Ellis County District Attorney's office amended the complaint so as to
charge Meisner with a violation of section 32-132 as opposed to "Racing: Attempt to Outdistance"
and "Exhibition of Acceleration" as originally charged. Due to the lack of precision and
definiteness in the ordinance, the district attorney was able to construe the ordinance to fit the
offense. Thus we find that there is no context in the statute in which to define its meaning for
ordinary individuals or law enforcement personnel and that it allows for arbitrary and
discriminatory enforcement.
            Therefore, we find both parts of Section 32-132 of the Waxahachie City Code void for
vagueness as applied to Meisner's conduct, and thus the trial court erred in denying appellant's
motion to quash the complaint. Point one is sustained and the judgment is reversed and remanded
with instructions to dismiss the complaint. 
 
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded with instructions
Opinion delivered and filed September 29, 1995
Publish