

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00362-CR**

**EX PARTE GLENDA HAMMONS**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2019-3806-02**

## OPINION

Glenda Hammons is charged under Section 22.04 (a) (2) with the offense of injury to a child. TEX. PENAL CODE ANN. § 22.04 (a) (2). Hammons filed an Application for Writ of Habeas Corpus arguing that Section 22.04 (a) (2) is unconstitutional on its face. Hammons appeals the trial court's order denying relief. We affirm.

In one issue, Hammons argues that Section 22.04 (a) (2) is unconstitutionally vague in violation of either, or both of, the Fifth and Fourteenth Amendments to the United States Constitution, and due course of law clause of Article I section 19 of the Texas Constitution. Whether a statute is unconstitutional on its face is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When the constitutionality of a statute is attacked, we begin with the presumption that the statute

is valid and that the legislature has not acted unreasonably or arbitrarily. *Id*. at 14-15. The burden normally rests upon the person challenging the statute to establish its unconstitutionality. *Id*. at 15.

Section 22.04 (a) (2) provides:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
    (2) serious mental deficiency, impairment, or injury

TEX. PENAL CODE ANN. 22.04 (a) (2). Hammons argues that the statute is unconstitutionally vague because it fails to define "mental deficiency, impairment, or injury" and "serious." Hammons contends there is no accepted plain meaning or common understanding that saves the statute.

A statute is void for vagueness if it fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *Gerron* v. State, 524 S.W.3d 308, 316 (Tex. App. —Waco 2016, pet. ref'd). A statute is unconstitutionally vague if persons of common intelligence must necessarily guess at its meaning and differ about its application. *Ex parte Maddison*, 518 S.W.3d 630, 640 (Tex. App. —Waco 2017, no pet.). A statute satisfies vagueness requirements if the statutory language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *Wagner v. State*, 539 S.W.3d 298, 314 (Tex. Crim. App. 2018). A statute is not unconstitutionally vague merely because it fails to define words or

phrases. *Gerron v. State*, 524 S.W.3d at 316. Instead, undefined terms in a statute are to be given their plain and ordinary meaning. *Id.* Words or phrase must be read in the context in which they are used, and ordinarily the statute must then be construed according to the rules of grammar and common usage. *Wagner v. State*, 539 S.W.3d at 314.

Hammons contends that "mental deficiency," "mental impairment," and "mental injury" are not simple terms with a plain, ordinary meaning. Mental has an ordinary meaning. Mental is commonly understood to refer to the mind. In construing the plain meaning of the language of a statute, courts may resort to the use of dictionary definitions. *See Bingham v. State*, 913 S.W.2d 208, 209-10 (Tex. Crim. App. 1995). An ordinary law-abiding citizen may do so as well. *See Floyd v. State*, 575 S.W.2d 21, 23 (Tex. Crim. App. 1978). Deficiency is defined as "the quality or state of being defective or of lacking some necessary quality or element." WEBSTER'S COLLEGIATE DICTIONARY (10th Edition 1993). Injury is defined as "hurt, damage, or loss sustained." WEBSTER'S COLLEGIATE DICTIONARY (10th Edition 1993). Impairment is defined as "diminishment or loss of function or ability." MERRIAM-WEBSTER,http:/merriam-webster.com/dictionary/impairment (last visited April 27, 2021).

We find that "serious mental deficiency, impairment, or injury" is not impermissibly vague. Ordinary citizens understand the meaning of "deficiency" "impairment" and "injury." Modifying those words with "mental" does not create an ambiguity because ordinary citizens would be able understand those terms as they relate to the mind. The statute further requires that the mental deficiency, impairment,

or injury be serious. Serious is commonly understood to require a heightened or excessive level of the deficiency, impairment, or injury. Section 22.04 (a) (2) sufficiently warns a person that conduct that intentionally, knowingly, or recklessly, causes serious mental harm to a child, elderly individual, or disabled individual is prohibited.

In *Stuhler v. State*, the Court of Criminal Appeals evaluated the evidence and determined there was sufficient evidence to establish serious mental injury. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). The Court of Criminal Appeals did not express concern over construing Section 22.04 (a) (2). In *Franco v. State*, a child was diagnosed with post-traumatic stress disorder and attention deficit disorder as a result of the conduct of the defendant. *Franco v. State,* 13-14-00108-CR, 2016 Tex. App. LEXIS 6340 *12 (Tex. App. — Corpus Christi June 16, 2016, no pet.). In *Franco v. State*, the Court found sufficient evidence to support a conviction for serious mental injury. *Franco v. State,* at *20. We find that Section 22.04 (a) (2) provides explicit standards for those who apply them. We overrule Hammon's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Scoggins[1]
(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed May 26, 2021
Publish
[OT06]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

Ex parte Hammons                                                                 Page 5