Ernest BEAUBRUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–142–CR.

Court of Appeals of Texas, Austin.

June 3, 1987.

Rehearing Denied Sept. 9, 1987.

7218.

Bill Malone, Jr., Austin, for appellant.

Ken Oden, Co. Atty., Judith Shipway, Asst. Co. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

BRADY, Justice.

Appellant was convicted by a jury of assault with a motor vehicle and sentenced to six months in the county jail, which was probated, and fined $1,000.00. Appellant argues four points of error, including a point challenging the sufficiency of the evidence to support his conviction. We will affirm the judgment.

On February 10, 1986, appellant was driving his 1976 Oldsmobile south on Airport Boulevard in Austin at a high rate of speed. As he approached the intersection of Airport and East 38½ Street, the vehicle struck a glancing blow to one car and then rammed into the rear of the automobile operated by Steven Balusek, who was seriously and permanently incapacitated in the collision. Balusek's car exploded on impact and caught fire, leaving Balusek pinned inside. Witnesses placed the speed of appellant's vehicle just before the collision at 70 to 90 miles per hour. Emergency police and firemen were finally able to put out the fire and extract the trapped victim from his crushed automobile. Months of hospitalization and treatment followed, and at the time of trial Balusek still had not completely recovered.

The State's witnesses inspected appellant's Oldsmobile following the collision and found that its brakes were inoperative. The linings in the rear wheels were worn completely off, and the front disc pads were practically non-existent. Witnesses stated that it was "metal on metal," and when appellant took the stand in his own defense, he admitted that his brakes had been defective for some time prior to the collision.

The court-appointed defense counsel presented a defense expert who testified that a throttle malfunction on appellant's automobile was a cause of the collision. The State countered with testimony of the police officer who examined the appellant's vehicle shortly after the collision and who stated that the accelerator cable was working properly even after the collision. The appellant testified that he did not exceed thirty miles per hour before the car "just took off," and that he put his foot on the brake pedal but that the car would not stop but instead accelerated. However, three of the witnesses for the State testified that appellant's brake lights never came on, although tests proved the lights were in proper working order after the crash. Appellant admitted he was late for work at

Bergstrom AFB, and that he had known for at least two weeks that he had defective brakes. Further testimony by the State's witnesses indicated that in order for the accelerator to stick in a full open position, it would first have to be pushed to that position, and that it would not open to that position on its own.

■ Appellant's first point of error challenges the sufficiency of the evidence to support his conviction asserting the State failed to prove he acted with the necessary culpable mental state. In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Cr.App. 1984). If, after viewing the evidence in this light, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, the conviction must be affirmed. *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Cr.App.1983); *See also Jackson v. Virginia,* 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560 (1979).

A careful review of the record reveals that there is sufficient evidence to support the conviction. The complaint alleged appellant acted with a reckless mental state. Recklessness was demonstrated by proof that appellant knowingly continued driving his vehicle with defective brakes. It was also shown that he drove at a high rate of speed knowing that he could not stop his automobile at speeds in excess of 25 to 30 miles per hour. This evidence clearly supports the verdict. Appellant's first point of error is overruled.

■ Appellant contends in his second point that the trial court erred in excluding evidence that appellant's expert witness had been recommended by another county court at law judge. The expert witness was appointed by the trial court and testified for appellant at trial. In order to bolster this expert's credibility, appellant wanted the trial court to inform jurors that the witness was recommended by a judge sitting in another court. Appellant cites no authority to support this point, and we find none. We agree with the trial court that

such evidence would improperly bolster the credibility of the witness and would be calculated only to invoke sympathy for the appellant. *See Cobb v. State,* 503 S.W.2d 249, 251 (Tex.Cr.App.1973). Point of error number two is overruled.

■ Appellant's third point suggests that the trial court erred by permitting the victim to testify during the punishment stage of the trial because the State did not place his name on the list of witnesses it expected to call. Again, appellant cites no authority for this argument in his brief. Merely stating a point of error without citing authority presents nothing for an appellate court to review. *Woods v. State,* 569 S.W.2d 901, 905 (Tex.Cr.App.1978). The State called Steve Balusek, the victim, who testified briefly at the punishment stage. No objection was made by defense counsel until the witness was sworn and started his testimony. If a witness who was not included on a witness list is permitted to testify, the standard of review is whether the trial court abused its discretion and whether the State acted in bad faith in not disclosing the witness. *Hightower v. State,* 629 S.W.2d 920, 925 (Tex. Cr.App.1981). We find no abuse of discretion or bad faith on the part of the State.

Appellant's final point concerns the refusal of the trial court to charge the jury that "a person commits an offense only if he voluntarily engages in conduct, including an act." Appellant argues that testimony at trial focused upon whether appellant's vehicle malfunctioned and caused the collision, thus raising the issue of whether appellant's act was voluntary. We note, however, that the trial court did include in its definition of "conduct" the instruction that "conduct means a voluntary act and its accompanying mental state." Further, the trial court's instruction contained the following:

You are further instructed that if you find or have a reasonable doubt thereof, that the injuries to Steven Balusek were caused by: (a) Failure of the brakes (b) defective throttle mechanism, or both, and that either or both of these were, together with the Defendant's conduct,

concurrent causes of Steven Balusek's injuries and you further find that one or both of these concurrent causes was clearly sufficient to produce the injuries and the conduct of the Defendant was clearly insufficient to produce the injuries, then you will acquit the Defendant of the charge of assault and say by your verdict "Not Guilty."

The court's charge clearly submitted the defense theory that the collision and injuries to the victim were a result of a malfunction of the appellant's throttle. The jury simply did not choose to believe appellant or the defense expert. We overrule appellant's final point.

The judgment of the trial court is affirmed.