**Steven D. FOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00692–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 8, 1990.

Rehearing Denied Dec. 6, 1990.

Walter Boyd, Houston, for appellant.

Rowena M. Young, Houston, for appellee.

Before PAUL PRESSLER, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction of the misdemeanor offense of hindering apprehension. A jury found appellant guilty and the trial court assessed punishment at one year in the Harris County jail, probated for one year, a fine of one thousand dollars, and ten days in jail as a condition of probation. We affirm.

Appellant, an attorney, was hired by Gary Blake a/k/a Gary Blaha to defend him in a criminal case in the County Criminal Court at Law Number 2 in Harris County, Texas. When appellant appeared in court with Blake, the court coordinator advised appellant that there were two open arrest warrants for Blake and that Blake was going to be arrested pursuant to the warrants. Appellant informed the court coordinator that he needed to leave to conduct business in another court and he asked to reset Blake's case. Appellant assured the court coordinator that the defendant would remain in the courtroom. The court coordinator agreed to reset the case on the condition that appellant tell Blake to remain in the courtroom. After the court coordinator signed the reset form, appellant, using a hand signal, motioned for Blake to exit the courtroom with him. When the court coordinator realized that appellant had left the courtroom with Blake, she and the bailiff searched the courthouse lobby, cafeteria, halls, and stairwells but were unable to find either appellant or Blake.

In his first two points of error, appellant asserts that the statute under which he was convicted is unconstitutional-

ly vague and overbroad. Appellant was convicted under TEX.PENAL CODE ANN. § 38.05(a)(2) (Vernon 1989), which provides "[a] person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense he provides or aids in providing the other with any means of avoiding arrest or effecting escape." The penal code does not define "means" and appellant contends that the word "means" as used in the statute is unconstitutionally vague and overbroad. Appellant asserts that the statute infringes on his constitutionally-protected right of freedom of speech and interferes with his right to counsel his client.

The standard to be applied in determining whether a statute is void for vagueness is whether the statute "forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application." *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979). When a statute is challenged as being impermissibly vague and overbroad, the court must make a two-step inquiry. In analyzing a facial challenge to the overbreadth of a statute, the court must determine whether the statute reaches a substantial amount of constitutionally protected conduct. *Clark v. State*, 665 S.W.2d 476, 482 (Tex.Crim.App.1984) (en banc) (quoting *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)). If the statute does not reach a substantial amount of constitutionally-protected conduct, the overbreadth challenge fails. *Id.* The court then examines the facial vagueness challenge and, assuming no constitutionally-protected conduct is implicated, should uphold the challenge only if the statute is "'impermissibly vague in all of its applications.'" *Id.* Moreover, a party to whose conduct a statute clearly applies cannot complain of the vagueness of the law as applied to others. *Hoffman Estates*, 455 U.S. at 495, 102 S.Ct. at 1191.

Generally, statutes are vested with a presumption of validity and should be construed in such a way as to uphold their constitutionality. *Ely*, 582 S.W.2d at 419. A statute is not rendered unconstitutionally vague merely because words or terms are not specifically defined. *Ahearn v. State*, 588 S.W.2d 327, 338 (Tex.Crim.App.1979). Terms which are not defined in a statute must be given their plain and ordinary meaning. *Floyd v. State*, 575 S.W.2d 21, 23 (Tex.Crim.App.1978). Further, "words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite." *Id.* Black's Law Dictionary defines "means" as "that through which, or by the help of which an end is attained." BLACK'S LAW DICTIONARY 884 (5th ed. 1979).

The state's case-in-chief relies on testimony that appellant agreed to keep Blake in the courtroom, then provided the "means" of avoiding apprehension by motioning for Blake to follow appellant out of the courtroom. However, the testimony of the appellant reveals several other acts that could have been found by the jury to be the means by which the crime was accomplished. Appellant testified that it was "possible" that he could have motioned to his client to exit the courtroom. Also, appellant testified that he took Blake with him to the civil courthouse, the attorney's meeting room, the hearing in the 133rd District Court, and the Harris County Law Library. Later, he gave Blake a ride to Blake's car. The fact that the appellant's testimony injected other "means" by which the jury could find him guilty as charged, does not defeat the state's reliance on the fact that he provided the "means" when he gave Blake the hand signal to leave the courtroom.

█ Appellant contends the statute infringes upon conduct protected by the First or Sixth Amendments. However, the statute merely prohibits a person from aiding another in evading arrest with the intent to hinder the arrest. The First Amendment is not a defense to illegal conduct just because words can be used to help carry out the illegal purpose. *United States v. Barnett*, 667 F.2d 835, 843 (9th Cir.1982); *see also United States v. Buttoroff*, 572 F.2d 619, 623–24 (8th Cir.1978). Crimes fre-

quently involve speech as part of the criminal transaction. *Barnett*, 667 F.2d at 843.

 Additionally, we fail to see how the statute as applied violated appellant's Sixth Amendment rights. Apparently, appellant is contending that the statute interferes with his right to counsel his client. The Sixth and Fourteenth Amendments guarantee a criminal defendant the right to assistance of counsel before he can validly be convicted and punished by imprisonment. *Blankenship v. State*, 673 S.W.2d 578, 582 (Tex.Crim.App.1984) (en banc). Appellant's *client* had a right to assistance of counsel in the defense of the charges against him; however, we know of no right afforded to appellant under the Sixth Amendment to *provide* counsel or advice to his client. Even if appellant was asserting that the statute as applied violated his client's right to counsel, that right had not yet attached. The right to counsel attaches at all "critical stages" in a criminal proceeding. *McCambridge v. State*, 778 S.W.2d 70, 75 (Tex. Crim.App.1989). However, the point of arrest is not a critical stage which triggers the right to counsel. *See Id.* at 76.

We find that appellant engaged in a continuing course of conduct which aided his client in evading arrest after he was advised by the court coordinator that there were two open arrest warrants for his client. Points of error one and two are overruled.

In his brief, appellant asserts three additional points of error. However, we find that appellant has waived points of error three, four and five. Appellant's brief contains no authority supporting those points and presents nothing for review. *Beaubrum v. State*, 735 S.W.2d 489, 491 (Tex. App.—Austin 1987, pet. ref'd); Tᴇx.R. Aᴘᴘ.P. 74(f). Accordingly, appellant's third, fourth and fifth points of error are overruled and the conviction is affirmed.