11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John
Vernon Hobbs

Appellant

Vs.                   No. 11-03-00082-CR B
Appeal from Dawson County

State
of Texas

Appellee

 

The jury convicted John Vernon Hobbs of the
offense of burglary of a habitation with the intent to commit the felony
offense of evading arrest.  The jury also
convicted appellant of the offense of evading arrest with a vehicle.  The jury found that appellant used or
exhibited a deadly weapon in the course of committing the offense of evading
arrest.  Appellant pleaded true to three
enhancement paragraphs. The jury assessed his punishment at 40 years
confinement for each offense. The trial court ordered that the sentences run
concurrently.  We affirm. 

Late one night, Robby Christopher and Bret
Carroll, professional land surveyors, were returning to Lubbock from a business
meeting in Midland.  As they were
traveling on U.S. Highway 87 north of Lamesa, a woman jumped in front of their
pickup; she was waving frantically. 
Christopher and Carroll stopped to see if the woman needed help.  While they were stopped, a vehicle traveling
southbound stopped, and a man got out of the vehicle and came toward their
pickup.  After he looked around and in
the back of the pickup, he asked:  AWhere=s
my wife.@  Then he went back to his vehicle and
left.  Christopher and Carroll reported
the incident to A911.@ 
While they were attempting to find the woman who had jumped in front of
them, they saw State Trooper Ronald Mann in his patrol car chasing the vehicle
that had stopped by their pickup.  Later
that night, Christopher and Carroll discovered blood on the door of their
pickup.  The blood had not been there
before they stopped to check on the woman. 








Trooper Mann testified that, on the night that the
offense of evading arrest began, he heard a dispatch regarding a woman in the
roadway north of Lamesa on U.S. Highway 87. 
Trooper Mann learned that a man in a white, two-door older-model vehicle
had picked up the woman.  Trooper Mann
began to pursue a car which fit that description.  He attempted to get the vehicle to pull over
by activating his lights and using verbal commands over the PA system installed
in his patrol unit. The driver of the vehicle made several U-turns on the
shoulder, drove on the wrong side of the road, and crossed the median to the
proper side of the highway.  The driver
finally turned onto a county road; and, eventually, drove into a private
driveway; drove around a house located there; and then returned to the highway.  At some point in time, the woman managed to
get out of the vehicle.

After appellant reentered the highway, he drove
the vehicle for about a mile and turned into a field.  Trooper Mann did not follow the vehicle into
the field for fear of damaging his patrol car; but, rather, he and others set
up a perimeter and began a search. 
Authorities found the vehicle abandoned in a field adjacent to the field
that appellant had first entered.  There
were footprints headed southwest along the driver=s
side of  the abandoned vehicle; there was
also a set of prints left by a small dog. 
Officer Kent Parchman, a K-9 officer with the Dawson County Sheriff=s Department, and his dog followed
those Atracks@ until the search was called off for
the night.  The next morning, Officer
Parchman=s dog
picked up the tracks on the perimeter of Waldrop=s
Well, the place where the officers had set up a command post.  The tracks ended at a house located at
Waldrop=s Well
and the officers apprehended appellant there. 
The woman who had been in the car did not appear to have been injured,
but she was concerned about two small dogs that had been in the car with her
before appellant pushed her out of the vehicle. When authorities finally
located appellant, he had a small dog with him.

Appellant brings four points of error.  First, he asserts that the evidence is
legally insufficient to support an affirmative finding that he used a deadly
weapon in connection with the evading arrest with a motor vehicle conviction.  Next, he asserts that the evidence is legally
insufficient to support a conviction of burglary of a habitation because the
felony was complete at the time of entry into the habitation.  Appellant asserts in a pro se supplemental
brief that the evidence is legally and factually insufficient to support a
conviction of evading arrest with a motor vehicle. 








First, we will address appellant=s contention that the evidence is
legally and factually insufficient to support the conviction of evading arrest
with a motor vehicle.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to determine
if the evidence is factually sufficient, we must review all of the evidence in
a neutral light and determine whether the evidence supporting guilt is so weak
as to render the conviction clearly wrong and manifestly unjust or whether the
evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the
conviction clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  

A person commits the offense of evading arrest
when he intentionally flees from a person who he knows is a peace officer and
who is attempting lawfully to arrest or to detain him.  The offense becomes a felony if the person
uses a vehicle while in flight.  TEX.
PENAL CODE ANN. ' 38.04
(Vernon 2003).  Appellant contends that
there was insufficient evidence to show that he was the operator of the motor
vehicle.  Appellant argues that there was
no blood found on him, in his vehicle, or at the scene and, therefore, that he
could not be the person who approached Christopher and Carroll and left
bloodstains on the pickup.  Also,
Christopher and Carroll did not identify appellant as the man who came up to
their pickup on the date of the offense. 
However, Trooper Mann identified appellant=s
vehicle as fitting the description that Christopher and Carroll reported and
stated that it was in close proximity to the place where the initial contact
was made.  Trooper Mann said that the
abandoned vehicle in the field was the same one that he had been pursuing.  








Appellant further argues that there was no
evidence that the tracks found at the house where appellant was found were the
same tracks found by Officer Parchman next to the abandoned vehicle in the
field.   There were no comparison casts
made of the footprints so that they might be matched to appellant=s footwear.  Also, no officer was able to testify what
type of shoes appellant was wearing when he was arrested.  Officer Parchman testified that he only
tracked the prints that were south of the vehicle.  However, in order to be sure that there was
no contamination of the scene around the vehicle, Officer Parchman started
tracking about a quarter of a mile from where the driver had gotten out of the
vehicle; there were no other footprints other than appellant=s coming from where he had left the
vehicle.  Officer Parchman=s dog immediately picked up the track
and followed it.  In Officer Parchman=s opinion, the tracks found at the
location of the abandoned vehicle and the tracks later found at Waldrop=s Well were the same tracks.  He testified that the tracks alerted on by
his dog at Waldrop=s Well
the next morning were similar in shape. 
The tracks were  Asome type of hiking boot, that
waffle-type print, there was also a set of smaller dog tracks.@ 
There were no other footprints in the perimeter of Waldrop=s Well that had dog prints with them. 

It is clear from viewing the evidence in the light
most favorable to the verdict that a rational trier of fact could have found
that appellant was evading arrest in the motor vehicle that Trooper Mann pursued
and later found abandoned.  Also, there
was no contrary evidence that was so overwhelming such that the verdict was
clearly wrong or manifestly unjust.  We
overrule both of the points raised in appellant=s
supplemental pro se brief. 

We also hold that the evidence was legally
sufficient to support an affirmative finding that appellant used the vehicle as
a deadly weapon.  Evidence is legally
sufficient if, after reviewing all the evidence in the light most favorable to
the verdict, we determine that any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, supra; Jackson v. State, supra. 









TEX. PENAL CODE ANN. '
1.07(a)(17)(B) (Vernon Supp. 2004) defines a deadly weapon as Aanything that in the manner of its use
or intended use is capable of causing death or serious bodily injury.@  
An automobile can be a deadly weapon if it is driven so as to endanger
lives.  Tyra v. State, 897 S.W.2d
796 (Tex.Cr.App.1995). The evidence must demonstrate that the deadly weapon was
used or exhibited Aduring
the transaction from which@
the felony conviction was obtained.  The
evidence must support more than just a hypothetical  potential for danger.  There must be evidence that others were
actually in danger.  Cates v. State,
102 S.W.3d 735, 738 (Tex.Cr.App.2003); Mann v. State, 13 S.W.3d 89
(Tex.App. B Austin
2000), aff=d,
58 S.W.3d 132 (Tex.Cr.App.2001).         The
evidence in this case supports a finding that there were others who were
actually in danger at the time appellant was operating the vehicle.  Appellant had a passenger in the vehicle for
a portion of the time that he was evading arrest.  Appellant made several U-turns from the
shoulder of the road, drove on the wrong side of the road, and crossed the
median.   Appellant was traveling at high
speeds, and he was turning the lights off and on and other drivers could not
see the vehicle. At one point, appellant drove around a house, through a
backyard, and back onto the road; a gas tank was located by the side of the
house.  Trooper Mann saw other vehicles
while he was pursuing appellant.  Trooper
Mann testified that appellant was operating the vehicle in a dangerous
manner.  A camera mounted in the trooper=s vehicle recorded the pursuit, and the
jury saw that tape recording.  The
evidence is legally sufficient to show that appellant used the vehicle in such
a manner that it was capable of causing death or serious bodily injury.  Appellant=s
first point of error is overruled. 

Next, appellant contends that the evidence was not
legally sufficient to support the burglary of a habitation conviction.  A person commits the offense of burglary of a
habitation if: (1) without the effective consent of the owner; (2) he enters a
habitation; (3) not then open to the public; (4) with intent to commit a
felony, a theft, or an assault.  TEX.
PENAL CODE ANN. '
30.02(a)(1) (Vernon 2003).








            The State alleged in the indictment that appellant had the
intent to commit the felony of evading arrest.  
Again, a person commits the offense of evading arrest when he
intentionally flees from a person who he knows is a peace officer that is
attempting lawfully to arrest or to detain him. 
Section 38.04.  The offense
becomes a felony when the person uses a vehicle while in flight.  Section 38.04.  Appellant argues that the offense of evading
arrest was complete when appellant abandoned the vehicle in the field.  Thus, appellant argues that he could not have
entered the habitation with the intent to commit felony evading arrest.  We disagree. 
Generally, a crime is complete when each of the elements have
occurred.  Barnes v. State, 824
S.W.2d 560 (Tex.Cr.App.1991), overruled on other grounds, Proctor v. State,
967 S.W.2d 840 (Tex.Cr.App.1998). However, evading arrest is an offense that is
inherently a continuing offense.  Unlike
escape which is complete when a defendant departs from custody without
permission, a person fleeing from a peace officer continues to flee until he is
caught.   Appellant relies upon Lawhorn v. State,
898 S.W.2d 886 (Tex.Cr.App.1995), for his proposition.  In Lawhorn, the defendant was charged
with burglary of a habitation with intent to commit the felony offense of
escape.  The court there noted that the
escape offense was over as soon as the escape occurred.  That is not the case when the charge is
evading arrest.  Here, the offense of
evading arrest began when appellant did not stop after Trooper Mann turned on
his overhead lights and began to pursue him. 
The offense continued until appellant was later caught and arrested.  Appellant used a vehicle while in flight and
in the course of evading arrest, and he committed a felony.  Appellant engaged in a continuous course of
conduct of evading, not two separate offenses of evading.  See Fox v. State, 801 S.W.2d 173
(Tex.App. B Houston [14th
Dist.] 1990, pet=n ref=d). 
The evidence is legally sufficient for a rational trier of fact to find
beyond a reasonable doubt that appellant committed the offense of burglary of a
habitation with the intent to commit the felony offense of evading arrest with
a vehicle.  We overrule appellant=s second point of error. 

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

February 26, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.