■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUDSON W. SLOCUM, Respondent.—Kane, J. Appeal from an order of the County Court of Franklin County (Plumadore, J.), entered November 19, 1984, which granted defendant's motion to dismiss the indictment.

Defendant was indicted for the crime of leaving the scene of an accident without reporting, as a felony, resulting from an incident which occurred during the early morning hours of July 15, 1984 and caused the death of Jean M. Cox. Defendant became acquainted with decedent during the evening of July 14, 1984 at a local bar. They left the bar for a ride together in defendant's pickup truck. After parking for about one half to three quarters of an hour in a secluded area at a location on nearby Gale Road, they returned to the same bar. About one-

half hour later, the two left the bar together again. According to defendant's statement, it was his intention to return again to the same area on Gale Road, although decedent thought she was going to be taken home. When he turned down Gale Road, which was in the opposite direction of her home, she protested and stated that "she didn't want to go parking again". Defendant responded to the effect that he "would bring her home afterwards", at which point she opened the passenger door of the truck and jumped out. Defendant closed the door of the truck and, without stopping, proceeded to his home. He did not report the matter to any person or authority. Decedent's body was discovered shortly thereafter, and the State Police and rescue squad were summoned. The subsequent investigation led the police to defendant, who voluntarily provided them with a description of the incident. After an autopsy was performed, the cause of death was listed as an extensive intracranial hemorrhage due to fracture of the base of the skull as a result of a blunt injury to the back of the head.

After inspection of the Grand Jury minutes, County Court dismissed the indictment on the grounds that the prosecution had failed to prove before the Grand Jury that defendant had knowledge of any accident, that there was culpability on his part or that he was in an "accident". We reverse. There is sufficient evidence to establish prima facie the culpability of defendant and the happening of an "accident" within the meaning of Vehicle and Traffic Law § 600 (2) (a) (see, CPL 70.10, 190.65; *People v Petterson,* 103 AD2d 811; *People v Cole,* 97 AD2d 886).

Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Franklin County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur. [126 Misc 2d 364.]