# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00008-CR

---

**The State of Texas, Appellant**

**v.**

**Thomas Markovich, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 536,254, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING

---

The State appeals from the county court at law's order granting appellee Thomas Markovich's motion to quash or set aside the information in this cause. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2000). The information accuses Markovich of disrupting a meeting. *See* Tex. Penal Code Ann. § 42.05 (West 1994).[1] At issue is whether section 42.05 is unconstitutionally vague or overbroad. We will reverse and remand.

### *Background*

The underlying facts were stipulated. On November 14, 1998, former President George Bush gave a speech in the House of Representatives chamber of the Texas Capitol.

---

[1] "A person commits an offense if, with intent to prevent or disrupt a lawful meeting, procession, or gathering, he obstructs or interferes with the meeting, procession, or gathering by physical action or verbal utterance." *Id*. § 42.05(a).

During the speech, Markovich stood in the gallery and shouted, "Bullshit." He then began shouting other protests, causing President Bush to stop speaking. Markovich was removed and arrested by capitol police.

An information was filed alleging that Markovich

> with intent to prevent and disrupt a lawful meeting, to wit: a speech given by former President George Bush, did then and there obstruct and interfere with said meeting by physical action and verbal utterance, to wit: the Defendant stood up and shouted, causing former President George Bush to stop speaking.

At the hearing below, the State was permitted to amend the information to add a concluding clause stating that "the Defendant's physical acts and verbal utterances substantially impaired the ordinary conduct of the said lawful meeting."

### *Overbreadth*

Markovich's motion to quash alleged, among other things, that section 42.05 "is facially overbroad, in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Texas Constitution." The court granted the motion to quash on this ground. The State challenges this ruling in its first point of error.

A statute is impermissibly overbroad if, in addition to proscribing activity which may be forbidden constitutionally, it sweeps within its coverage a substantial amount of expressive activity protected by the free speech guarantee of the First Amendment. *See Morehead v. State*, 807 S.W.2d 577, 580 (Tex. Crim. App. 1991). A person whose own expressive activity may validly be prohibited is permitted to challenge a statute as overbroad because it also threatens

2

others not before the court. *See id.*; *see also State v. Eaves*, 800 S.W.2d 220, 223-24 (Tex. Crim. App. 1990) (allegation that penal statute is unconstitutionally vague or overbroad is proper basis for motion to set aside charging instrument).

The Texas Court of Criminal Appeals specifically addressed the constitutionality of section 42.05 in *Morehead*. The court observed that the purpose of the statute "is to protect the freedom of persons at meetings to speak *and to listen*." *Morehead*, 807 S.W.2d at 580 (emphasis added). The court had "no doubt that the State has a legitimate, even compelling, interest in ensuring that some individuals' unruly assertion of their rights of free expression does not imperil other citizens' First Amendment freedoms." *Id*. The literal language of the statute, however, by prohibiting *any* physical or verbal obstruction or interference with a lawful meeting, procession, or gathering, "encompass[es] the full range of possible disturbances, from the most minor to the most significant. . . . [T]he Constitution does not allow all such disturbances to be criminalized. The statute is, therefore, overbroad." *Id*. at 581.

Having concluded that section 42.05 was unconstitutionally overbroad on its face, the court of criminal appeals went on to hold that the statute was "readily subject to a narrowing construction." *Id*.

> Given the competing First Amendment freedoms at stake, [section] 42.05 can be rendered constitutional if it is construed to criminalize only physical acts or verbal utterances that *substantially* impair the ordinary conduct of lawful meetings and thereby curtail the exercise of others' First Amendment rights. This construction achieves the apparent legislative purpose while preserving the statutory language and the delicate balance between competing freedoms.

3

*Id.* (citations omitted).

It is clear from the county court at law's remarks at the time of its ruling that it did not believe that the constitutional infirmities identified in *Morehead* were cured by that opinion's narrowing construction of the statute. Be that as it may, that court (like this Court) is bound to follow and apply a pertinent opinion of the court of criminal appeals whatever it may think of the opinion's wisdom. The court of criminal appeals squarely held in *Morehead* that section 42.05, as construed in that opinion, is not unconstitutionally overbroad.

Markovich argues that section 42.05 remains overbroad, even after *Morehead*. He asserts that despite the narrowing construction given the statute by the court of criminal appeals, section 42.05 applies to disruptions as to which the State has no legitimate interest and that should not be subject to a criminal sanction. He argues that the statute extends its coverage to private business meetings and family gatherings, and criminalizes disruptions that are expected (*e.g.*, "arguing political pundits featured on televised debates"), positive (*e.g.*, "enthusiastic members of a crowd who continually clap and cheer during a speech"), or necessary under the circumstances (*e.g.*, an interruption to make an emergency announcement).

Markovich's argument, we believe, fails to acknowledge the effect of the narrowing construction given the statute in *Morehead*. In order to prevent the application of section 42.05 to the common, everyday situations envisioned by Markovich, *Morehead* requires that the disruptive act or utterance *substantially* impair the *ordinary* conduct of a lawful meeting. If an interruption is expected or of a type that is commonly made, it cannot be deemed a substantial impairment of the *ordinary* conduct of a meeting. Interruptions during informal debates or

arguments of the sort cited by Markovich are not extraordinary because they are normal and expected. Similarly, applause during a speech is normal and expected; indeed, speakers often insert "applause lines" specifically intended for that purpose. Interruptions for emergency announcements are also normal and expected, and hence do not substantially impair the ordinary conduct of meetings.

In *Morehead*, the court of criminal appeals held that section 42.05, as construed in that opinion, is not unconstitutionally overbroad on its face. The county court at law erred by concluding otherwise. The State's first point of error is sustained.

*Vagueness*

In point of error two, the State contends the county court at law erred by dismissing the information on the ground that section 42.05 is unconstitutionally vague. Although the court did not expressly set aside the information on this ground, Markovich urged vagueness in his motion to quash and it is clear from the court's remarks that it was of the opinion that the statute does not provide determinate guidelines for law enforcement.[2]

A criminal law must be sufficiently clear in at least three respects: (1) a person of ordinary intelligence must be given a reasonable opportunity to know what is prohibited; (2) the law must establish determinate guidelines for law enforcement; and (3) where First Amendment freedoms are implicated, the law must be sufficiently definite to avoid chilling protected

---

[2] "I'm going to declare the statute unconstitutional as being overbroad . . . in light of the fact that anyone could decide to stop speaking, and if that were to happen, then police officers could decide to remove people simply because they were holding up signs, and in their mind, that would be interrupting a public meeting."

expression. *See Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996). When a vagueness challenge involves First Amendment considerations, a criminal law may be held facially invalid even though it may not be unconstitutional as applied to the defendant's conduct. *See id.* at 288.

The State argues that while the operative words in section 42.05 are not defined, the statute nevertheless gives police officers and other persons of ordinary intelligence reasonable notice of what is proscribed. Terms not defined in a statute are given their plain and ordinary meaning. *See Floyd v. State*, 575 S.W.2d 21, 23 (Tex. Crim. App. 1978). Words with meanings so well known as to be understood by a person of ordinary intelligence are not considered vague and indefinite. *See id.* As the Dallas Court of Appeals noted in its opinion in *Morehead*, the words used in section 42.05—"prevent," "disrupt," "obstruct," and "interfere"—have commonly understood meanings. *See Morehead v. State*, 746 S.W.2d 830, 837 (Tex. App.—Dallas 1988), *rev'd and remanded*, 807 S.W.2d 577 (Tex. Crim. App. 1991). These meanings were further clarified and narrowed by the court of criminal appeals when it held that the defendant's conduct must substantially impair the ordinary conduct of the meeting. *See Morehead*, 807 S.W.2d at 581; *see also Kolender v. Lawson*, 461 U.S. 352, 355 n.4 (1983) (when determining whether statute is too vague or indefinite, statute must be taken as if it read precisely as state's highest court has interpreted it).

With respect to establishing determinate guidelines for law enforcement, Markovich argues that the court of criminal appeals' opinion in *Morehead* aggravated, rather than ameliorated, section 42.05's vagueness. He urges that, under the court's construction of the

6

statute, an officer must make a judgment call as to whether a person's conduct "substantially" disrupts a meeting. He compares this to the California statute at issue in *Kolender*, which required a person detained by a police officer to provide "credible and reliable" identification upon request. The United States Supreme Court held this statute unconstitutionally vague because, as construed by the California courts, the statute contained no standard for determining what constituted "credible and reliable" identification, but instead left this to the discretion of the police officer. *See Kolender*, 461 U.S. at 358-60.[3]

Section 42.05, as construed by the court of criminal appeals in *Morehead*, does not confer similar discretion on Texas police officers. Whether a person's conduct substantially impairs the ordinary conduct of a meeting is an objective standard that does not acquire its meaning from a particular officer's determination of what constitutes a "substantial" impairment. Of course, a police officer must make an initial determination as to whether the statute has been violated before making an arrest. But this is a far cry from making the officer's assessment of the defendant's conduct the defining element of the offense, as was the case in *Kolender*.

Markovich also argues that *Morehead*, by limiting the application of section 42.05 to conduct that curtails the exercise of others' First Amendment rights, forces police officers to know and apply First Amendment jurisprudence before making an arrest. *See Long*, 931 S.W.2d at 295 (former stalking statute's First Amendment defense did not provide adequate guidelines for law enforcement). We believe this argument misconstrues the holding in *Morehead*. As

---

[3] "At oral argument, [counsel for the state] confirmed that a suspect violates [the statute] unless 'the officer [is] satisfied that the identification is reliable.'" *Id*. at 360.

7

previously noted, the court construed section 42.05 to criminalize "only physical acts or verbal utterances that *substantially* impair the ordinary conduct of lawful meetings and thereby curtail the exercise of others' First Amendment rights." *Morehead*, 807 S.W.2d at 581. We do not understand the last quoted phrase as making the curtailment of others' First Amendment rights an element of the offense, but merely as expressing the court's belief that its narrowing construction properly balances the First Amendment rights of all parties.

Markovich further argues that section 42.05 chills protected expression because enforcement of the statute "depends upon the unknown sensitivity to criticism of other participants in the meeting." This argument mistakenly assumes that a violation of the statute depends on the subjective reaction of others to the defendant's conduct. There is nothing in the language of the statute or in the opinion in *Morehead* to support this assumption. Instead, a person violates the statute if, with intent to prevent or disrupt a lawful meeting, he obstructs or interferes with the meeting by physical actions or verbal utterances that substantially impair the ordinary conduct of the meeting. It is the defendant's conduct, not the reaction of others, that is determinative.

"Condemned to the use of words, we can never expect mathematical certainty from our language." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972) (footnote omitted) (rejecting vagueness challenge to statute prohibiting "willfully mak[ing] or assist[ing] in the making of any noise or diversion which disrupts or tends to disturb the peace or good order" of a school). Section 42.05, as construed in *Morehead*, is sufficiently clear and understandable to satisfy the Fourteenth Amendment to the United States Constitution and article I, section 19 of the Texas Constitution. The State's second point of error is sustained.

8

### *Constitutionality as Applied*

Markovich also argues that section 42.05 is unconstitutionally vague and overbroad as applied to him. The county court at law properly refused to consider similar arguments below. A motion to set aside an indictment or information may be used only for facial challenges on constitutional grounds. *See State v. Rosenbaum*, 910 S.W.2d 934, 946 (Tex. Crim. App. 1994) (dissenting op. adopted on reh'g). "An [information] must be facially tested by itself under the law, as a pleading; it can neither be supported nor defeated as such by what evidence is introduced on trial. *A fortiori*, it can not be supported or defeated by evidence presented at pretrial." *Id*. at 948 (citations omitted). Whether Markovich's conduct actually violated section 42.05 must be determined at trial. If convicted, he may argue that the statute was unconstitutionally applied to him.

The district court's order is reversed and the cause is remanded for further proceedings.

_____

Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Reversed and Remanded

9

Filed:   October 19, 2000

Publish