# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00660-CR

**Stephens Stratton Sheldon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. 9014100, HONORABLE JON N. WISSER, JUDGE PRESIDING**

## O P I N I O N

Appellant Stephens Stratton Sheldon, the operator of a vehicle involved in an accident resulting in the injury and death of a person, was convicted of failing to stop and of failing to render reasonable assistance to the injured person. *See* Tex. Transp. Code Ann. '' 550.021, .023 (West 1999).[1] The trial court assessed appellant=s punishment, enhanced by a prior felony

---

[1] *' 550.021. Accident Involving Personal Injury or Death*

    (a) The operator of a vehicle involved in an accident resulting in injury to or death of a person shall:

        (1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

        (2) immediately return to the scene of the accident if the vehicle is not

stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

(b) An operator of a vehicle required to stop the vehicle by Subsection (a) shall do so without obstructing traffic more than is necessary.

(c)  A person commits an offense if the person does not stop or does not comply with the requirements of this section.

Tex. Transp. Code Ann. ' 550.021 (West 1999).

' *550.023.  Duty to Give Information and Render Aid*

The operator of a vehicle involved in an accident resulting in the injury or death of a person or damage to a vehicle that is driven or attended by a person shall:

(1)  give the operator=s name and address, the registration number of the vehicle the operator was driving, and the name of the operator=s motor

conviction, at imprisonment for fourteen years.  On appeal, appellant asserts that the statute under which he was convicted is unconstitutional, the evidence is factually insufficient to support his conviction, and the trial court erred in assessing punishment.  We will affirm the judgment.

---

vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;

(2) if requested and available, show the operator=s driver=s license to a person described by Subdivision (1); and

(3) provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

*Id.* ' 550.023.

In points of error two, three, and four, appellant urges that section 550.021 of the transportation code is unconstitutional on its face and as applied because the phrases Ainvolved in an accident,@ Aimmediately,@ and Aat the scene of the accident@ are impermissibly vague. Questions involving constitutionality of a statute upon which a defendant=s conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. *Holberg v. State*, 38 S.W.3d 137, 139 n.7 (Tex. Crim. App. 2000); *Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987). However, a contention that a statute is unconstitutional as *applied* to an accused because of vagueness and uncertainty must be asserted in the trial court or it is waived. *See Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *Bader v. State*, 15 S.W.3d 599, 603 (Tex. App.CAustin 2000, pet. ref=d); *State v. West*, 20 S.W.3d 867, 873 (Tex. App.CDallas 2000, pet. ref=d). Here, appellant concedes that his claim that the statute is unconstitutional is raised for the first time on appeal. Therefore, we will consider only the facial constitutionality of the statute. *See Battles v. State*, 45 S.W.3d 694, 702-03 (Tex. App.CTyler 2001, no pet.).

When as in this case First Amendment rights are not implicated, a criminal statute is unconstitutionally vague unless it gives a person of ordinary intelligence reasonable notice of what is prohibited or required and establishes determinate guidelines for law enforcement officers. *See Grayned v. Rockford*, 408 U.S. 104, 108-09 (1972); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 168 (1972); *Sanchez v. State*, 995 S.W.2d 677, 689 (Tex. Crim. App. 1999); *Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996); *State v. Markovich*, 34 S.W.3d 21, 25 (Tex. App.CAustin 2000), *aff=d*, 77 S.W.3d 274 (Tex. Crim. App. 2000); *State v. Wofford*, 34 S.W.3d 671, 678-79 (Tex. App.CAustin 2000, no pet.). We will uphold a statute if we can determine a reasonable construction that will render it constitutional and carry out legislative intent. *See Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979). A statute is not vague because the words used in the statute are not specifically defined. *See Ahearn v. State*, 588 S.W.2d 327, 338 (Tex. Crim. App. 1979); *Floyd v. State*, 575 S.W.2d 21, 23 (Tex. Crim. App. 1978). The terms Aaccident,@ Aimmediately,@ and Ascene@ are not defined by the transportation code or the penal code. Terms not defined in a statute are to be given their plain and ordinary meaning. *Floyd*, 575 S.W.2d at 23. Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not considered vague and indefinite. *Id.*; *Powell v. State*, 538 S.W.2d 617, 619 (Tex. Crim. App. 1976).

The definitions and common usage of the words Aaccident,@ Aimmediately,@ and Ascene@ are found in the Merriam Webster and the Random House dictionaries. AAccident@ may be defined as an unforeseen, unplanned event or condition. *Webster=s Third New International Dictionary 11* (Philip B. Gove ed., 1961). AAccident@ is also defined as an undesirable or unfortunate happening, unintentionally caused and usually resulting in harm, injury, damage, or loss; a casualty; a mishap. *The Random House Dictionary of the English Language 9* (unabridged, Jess Stein ed., 1979). AImmediately@ may be defined as without interval of time, without delay. *Webster=s* at 1129. AImmediately@ is also defined as without lapse of time; without delay; instantly; at once. *Random House* at 712. AScene@ may be defined as the place of occurrence or event. *Webster=s* at 2020. AScene@ is also defined as the place where some action or event occurs. *Random House* at 1276.

The terms Aaccident,@ Aimmediately,@[2] and Ascene@ C as used in the statute C have plain ordinary meanings that may be understood by a person of ordinary intelligence and cannot be considered vague and indefinite. In this case, First Amendment rights are not implicated. Section 550.021 of the transportation code gives a person of ordinary intelligence reasonable notice of what is required and prohibited, and it establishes determinate guidelines for law enforcement officers. We hold that appellant=s contention that the statute is unconstitutionally vague is without merit.[3] Points of error two, three, and four are overruled.

---

[2] Appellant cites *Guerra v. State*, 234 S.W.2d 866 (Tex. Crim. App. 1950), in support of his argument that the term Aimmediately@ is vague and indefinite. The court there held:

> We are therefore constrained to hold that Art. 226, P.C., construed in connection with Art. 3028, R.C.S., as amended, offends against Art. 7, P.C., wherein it is provided that Ano person shall be punished for an offense which is not made penal by the plain import of the words of a law.@

In his first point of error, appellant asserts that the evidence is factually insufficient to prove that he was Ainvolved in an accident.@ Appellant argues that the Aoverwhelming weight of the

---

And if valid, delivery of the box within 5 days, the time provided for delivery of the returns, would not constitute a violation of the criminal statute requiring the ballots to be securely boxed Aimmediately,@and the boxes, with the contents and accompanying Acopy of the report of the returns@ delivered to the county clerk Aimmediately.@

*Id.* at 869. We note that in the present case appellant never returned to the scene of the accident.

[3] Examples of terms held not vague and indefinite: AProstitution enterprise,@ *Floyd v. State*, 575 S.W.2d 21, 23 (Tex. Crim. App. 1978); Aprobability,@ *Granviel v. State*, 552 S.W.2d 107, 117 (Tex. Crim. App. 1976); Aan act of violence or threatened violence to a person or property,@ *Powell v. State*, 538 S.W.2d 617, 619 (Tex. Crim. App. 1976); Asignal to stop,@ *Stein v. State*, 515 S.W.2d 104, 108 (Tex. Crim. App. 1974); Amoderate restraint or correction,@ *Nabors v. State*, 508 S.W.2d 650, 651 (Tex. Crim. App. 1974); Aedible meat,@ *Sanford v. State*, 492 S.W.2d 581, 582 (Tex. Crim. App. 1973); Asolicitation,@ *Page v. State*, 492 S.W.2d 573, 575 (Tex. Crim. App. 1973); Aserious physical deficiency,@ *Ahearn v. State*, 588 S.W.2d 327, 338 (Tex. Crim. App. 1979).

evidence shows that [he], as the operator of a motor vehicle, was not involved in an accident as contemplated by ' 550.021 of the transportation code.@ Specifically, appellant argues that L.L.=s death was caused by her own intentional act of jumping out of the moving vehicle and that because her death was not caused by a collision, the State failed to show appellant was involved in an Aaccident@ that required him to stop and render assistance to L.L. as provided by the transportation code.

Section 550.021 of the transportation code provides in relevant part that the operator of a vehicle involved in an accident resulting in injury to or death of a person shall: (1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible; (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and (3) remain at the scene of the accident until the operator complies with the requirements of section 550.023. Section 550.023, in relevant part, provides that the operator of a vehicle involved in an accident resulting in the injury or death of a person shall provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests transportation. It was alleged that appellant, while driving a motor vehicle on a public road, was involved in an accident resulting in the injury and death of L.L., and that appellant intentionally failed to stop and failed to render reasonable assistance to L.L. when it was apparent that her injuries required medical treatment.

In determining factual sufficiency of the evidence, the reviewing court must consider and take a neutral view of all of the evidence, reversing the judgment if (1) the evidence

**9**

demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder=s determination, or (2) the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Appellant has framed his first point of error as one of sufficiency of the evidence; however, appellant=s argument has narrowed the issue presented to his claim that no Aaccident@ occurred; therefore, he contends the evidence could not be factually sufficient to prove his guilt of the charged offense. We have already held that the term Aaccident@ as used in the statute is not unconstitutionally vague. We must now decide whether appellant was Ainvolved in an accident@ within the meaning of the transportation code provisions.

The evidence shows that appellant was having an affair with L.L., who was a dancer at Agentlemen=s clubs@ in Austin. Just before midnight on July 16, 2000, appellant was driving L.L. to her apartment. They became embroiled in an argument about an incident between L.L. and a man at the club where she was then working. Appellant told L.L. that he was going to stop seeing her because she worked at that club. L.L. told appellant that she was going to jump out of the vehicle and kill herself. L.L. then jumped from the moving vehicle, suffering a brain injury that caused her death. Appellant stopped and backed up; when he saw another motorist stop and approach L.L., appellant drove away from the scene. Appellant drove to a gasoline station one-half of a block away where he watched police and emergency personnel investigating and attempting to aid L.L. During this time, appellant who was in possession of L.L.=s cell phone, received a call from her friend, L.M. Appellant told L.M. what had happened. L.M. then came to the scene of the accident. She assisted one of the police officers in placing a call to appellant. Appellant told the officer what had happened.

**10**

The officer tried to persuade appellant to return to the scene, but appellant would not do so. Appellant was later arrested and charged with the offense of which he has been convicted.

Our attention has been directed to only one reported decision in this state in which the facts are somewhat similar to those in this case. *See Rivas v. State*, 787 S.W.2d 113 (Tex. App.CDallas 1990, no pet.). Rivas was driving an automobile containing both a front and back seat passenger. *Id.* at 114. Rivas= car was approaching a railroad crossing when warning lights and bells were activated. Rivas decided that he could beat the approaching train across the tracks. *Id.* As the car approached the crossing, the front seat passenger, apparently out of fear of a collision, jumped out of the car. *Id.* Rivas= car passed through the crossing unscathed. *Id.* However, either as a result of hitting the train tracks or the train, the front seat passenger died. *Id.* Rivas stopped the car, examined the body, and left the scene. *Id.* The Dallas Court found that Rivas was Ainvolved in an accident@ and affirmed his conviction for failing to stop and render aid to his passenger.

A number of states have statutes that are almost identical to the Texas statutes here in question. The courts in those states have reviewed appeals where the facts were very similar to the facts in this case. Those courts have held that an Aaccident@ has occurred in circumstances other than a collision between the driver=s vehicle and another vehicle or person. Also, they have held that an Aaccident@ may result from the intentional conduct of either or both the driver and the injured person. While not controlling, these cases from other jurisdictions provide instruction and guidance.

In an Iowa case, the defendant=s inebriated girlfriend jumped from the moving vehicle that the defendant was driving; the defendant failed to seek medical assistance for her and she died from the head injury she had sustained. *See State v. Carpenter*, 334 N.W.2d 137, 138-39 (Iowa 1983).

**11**

The Iowa Supreme Court, in construing the Iowa statute similar to the Texas statute, held the words Ainvolved@ and Aaccident@ were not unconstitutionally vague.  Further, it held that an Aaccident@ within the meaning of the statute did not require a collision between the driver=s vehicle and another vehicle or person.  *Id.* at 140.  The court stated that the driver of a moving vehicle from which a person jumps and is injured should have no doubt that he is the driver of a vehicle involved in an Aaccident@ within the meaning of the statutes.  *Id.* at 140.

In an Arizona case, the defendant was charged with leaving the scene of an accident involving death or serious physical injury.  *Arizona v. Rodgers*, 909 P.2d 445 (Ariz. App. 1995).  The passenger in a moving vehicle opened the door and jumped out following an argument with the defendant.  She suffered a head injury upon impact with the roadway and, while lying prone in the middle of the road, was run over by a second vehicle.  Although the defendant was aware his passenger had jumped from the vehicle, he did not stop at or near the scene and failed to render assistance.  Soon thereafter, he picked up an acquaintance and drove past the scene, but did not stop.  The passenger died of injuries sustained either in the fall or as a result of impact with the second vehicle.  The reviewing court held the defendant was involved in a vehicular Aaccident@ when his passenger leapt from his car, and that he violated the law by failing to remain at, or return to, the scene to identify himself and render any necessary assistance.  *Id.* at 449.  The court pointed out that the word Aaccident@ was not defined in the statute and that no court had defined the word within the meaning of the statute.  Consequently, Aaccident@ was construed according to its common usage.  *Id.* at 447.

The Alaska Court of Appeals rejected a defendant=s claim that he had not committed an offense because he was not involved in an accident when his wife died from injuries that she sustained after she had intentionally jumped from a vehicle that the defendant was driving. *See Wylie v. Alaska*, 797 P.2d 651, 655 (Alaska App. 1990).

The Washington Court of Appeals held that incidents arising out of the intentional conduct of either the driver or the injured party or both was included within the meaning of Aaccident@ as used in the Washington statute. *See Washington v. Silva*, 24 P.3d 477, 480 (Wash. App. 2001).

Where hitch-hikers were injured in a fall from a truck bumper, the Virginia Court of Appeals held that the truck driver had a statutory duty to stop and render reasonable assistance to those injured because the incident was an Aaccident,@ even though no collision occurred and the injured parties were not struck by the truck. *Smith v. Virginia*, 379 S.W.2d 374, 375-77 (Va. App. 1989).

A New York woman intentionally jumped from a moving vehile and fractured her skull; the reviewing court held that her death resulted from an Aaccident@ within the meaning of that term as used by the New York Vehicle and Traffic Law. *See People v. Slocum*, 492 N.Y.S.2d 159, 160 (N.Y. 1985).

A defendant was convicted of failing to stop and report an accident as required by the California Vehicle Code; the passenger suddenly jumped from the defendant=s moving vehicle. *See People v. Kroncke*, 83 Cal. Rptr. 2d 493, 495-96 (Cal. App. 1999). The reviewing court rejected the defendant=s contention that no Aaccident@ had occurred. *Id.* at 501.

**13**

Although L.L. intentionally jumped from the moving vehicle appellant was driving, we conclude that appellant was involved in an Aaccident@within the meaning of that word as used in the applicable provisions of the Texas Transportation Code. The evidence, which we have summarized, shows that while driving a motor vehicle, appellant was involved in an accident resulting in L.L.=s injury and death, and appellant intentionally failed to stop and failed to render reasonable assistance to L.L. when it was apparent that her injuries required medical treatment. Applying the factual sufficiency standard, we conclude that the evidence is not so obviously weak as to undermine confidence in the jury=s verdict and that the proof of guilt is not greatly outweighed by contrary proof. Appellant=s first point of error is overruled.

In his fifth point of error, appellant urges that the transportation code did not Aplace a duty on [him] to render aid under the facts of this case.@ Appellant argues that the Texas Court of Criminal Appeals has held that a person should not be prosecuted for failing to do for the injured party what others have done. Appellant cites *Bowden v. State*, 361 S.W.2d 207, 208 (Tex. Crim. App. 1962). *Bowden* is factually distinguishable from this case.[4] We do not believe that the provisions of sections 550.021 and 550.023 of the transportation code were meant to relieve a defendant of his duties under those statutes when a stranger may voluntarily render assistance to the injured person. Certainly, the legislature could not have intended such a defense for a person who as here, flees from the scene leaving the injured person on the highway at night. Moreover, here

---

[4] In *Bowden*, the accident occurred at the driveway of the injured person=s home. The victim=s husband was at the scene of the accident and told Bowden to stay there until the officers arrived. The husband immediately placed his wife in his car to take her to the hospital. *Bowden v. State*, 361 S.W.2d 207, 208 (Tex. Crim. App. 1962).

**14**

appellant was charged with violating the statute in two separate ways. *See Morris v. State*, 786 S.W.2d 451, 457 (Tex. App.CDallas 1990, pet. ref=d). Appellant was charged with not stopping and leaving the scene of the accident and also with failing to render reasonable assistance to L.L. Proof of either would support appellant=s conviction. When alternative means of violating a statute are alleged, the conviction will stand if the evidence supports any of the theories alleged. *See Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999); *Kitchens v. State*, 823 S.W.2d 256, 259 (Tex. Crim. App. 1991); *Brandon v. State*, 599 S.W.2d 567, 577 (Tex. Crim. App. 1979); *St. Clair v. State*, 26 S.W.3d 89, 99 (Tex. App.CWaco 2000, pet. ref=d). Appellant=s fifth point of error is overruled.

In his sixth point of error, appellant contends that in assessing punishment the trial court erroneously considered and faulted him for exercising his Sixth Amendment rights. At the punishment hearing, the trial court found that appellant had previously been convicted of the felony offense alleged for enhancement of punishment. The State asked the court to assess the maximum punishment of imprisonment for twenty years. The court assessed punishment of imprisonment for fourteen years.

In the punishment hearing, the State offered the testimony of nine witnesses. Appellant testified in his own behalf and offered the testimony of his mother and his wife. After hearing the testimony of the twelve witnesses, considering documentary evidence, and hearing argument of counsel, the court made an exhaustive analysis of the evidence and stated reasons for the assessment of punishment. The court first noted that appellant made the Acourt=s attempts to view him with empathy exceedingly difficult . . . the case is replete with [appellant] not telling the truth, lying, leading . . . a double life . . . every opportunity he has had to express contrition or remorse he

never does.@  Appellant=s probation in the prior felony case and in a misdemeanor case had been revoked.  Appellant had three prior misdemeanor convictions for assault and two for theft.  Appellant had fathered a son out of wedlock for whom he had not been ordered to pay child support.  Appellant had stolen from his former employer the vehicle he was driving when L.L. jumped to her death.  The court commented, A[T]his is pretty close to a decade of continuing to violate the law.@[5]  The trial court=s language noting appellant not pleading guilty to the charged offense and not pleading true to the enhancement paragraph of the indictment is bothersome and should not have been used.  However, from our review of the whole record, we do not believe that the trial court=s assessment of punishment was in any way influenced by appellant=s exercise of his constitutional rights.  Appellant=s sixth point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Puryear, Dally[*] and Aboussie[*]

Affirmed

---

[5]  One of the State=s witnesses testified that she had taken appellant into her home when he was having great difficulty with his family.  She came to like and trust appellant.  Later, when she had to be away from her home for two weeks, she left appellant to care for her property.  Appellant stole and used her ATM card and systematically depleted her bank account obtaining more than $4,000.  Appellant was convicted of that offense and granted probation.

Filed:   January 30, 2003

Publish



---

\*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).

\*   Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).