TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







SUPPLEMENTAL OPINION ON AMENDED MOTION FOR REHEARING









NO. 03-01-00660-CR






Stephens Stratton Sheldon, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 9014100, HONORABLE JON N. WISSER, JUDGE PRESIDING






 On motion for rehearing, appellant asserts that we should not have refused to address
his contention that section 550.021 of the transportation code was unconstitutionally vague as
applied to him. Appellant argues that, contrary to our opinion, he had raised this issue in the trial
court in his pretrial motion to quash the indictment. However, we have recently held that a challenge
to a statute on grounds that it is unconstitutionally vague as applied cannot be raised by a motion to
quash or a motion to set aside an indictment.


A motion to set aside an indictment or information may be used only for facial
challenges on constitutional grounds. See State v. Rosenbaum, 910 S.W.2d 934, 946
(Tex. Crim. App. 1994) (dissenting op. adopted on reh'g). "An [information] must
be facially tested by itself under the law, as a pleading, it can neither be supported nor
defeated as such by what evidence is introduced on trial. A fortiori, it can not be
supported or defeated by evidence presented at pretrial." Id. at 948 (citations
omitted). Whether Markovich's conduct actually violated section 42.05 must be
determined at trial. If convicted, he may argue that the statute was unconstitutionally
applied to him.



Markovich v. State, 34 S.W.3d 21, 26-27 (Tex. App.--Austin 2000), aff'd, 77 S.W.3d 274 (Tex.
Crim. App. 2002). After his conviction, the appellant could have raised this issue in the trial court
by a motion in arrest of judgment or a motion for new trial. Appellant did not file and present a
motion in arrest of judgment or a motion for new trial. Therefore, appellant waived his opportunity
to raise the issue in the trial court. Appellant's amended motion for rehearing is overruled.



 __________________________________________

 Carl E. F. Dally, Justice

Before Justices Puryear, Dally * and Aboussie *


Amended Motion for Rehearing Overruled


Filed: March 6, 2003


Publish






* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).


* Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).