IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0265-07





GERARDO FLORES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


ANGELINA COUNTY





 Cochran, J., filed a concurring opinion in which Johnson, J., joined.


O P I N I O N 



 Appellant makes several strong arguments concerning the potential unconstitutionality
of Section 19.06 of the Penal Code as it applies to the prosecution of one who assists a
pregnant woman to lawfully obtain an abortion. 

 Section 19.03(a)(8) of the Penal Code makes the intentional murder of an individual- 
including an unborn child-under the age of six a capital murder. (1) Section 19.06 then states
that the chapter dealing with homicide offenses does not apply to the death of an unborn
child if the conduct charged is:

 (1) conduct committed by the mother of the unborn child;


 (2) a lawful medical procedure performed by a physician or other licensed health
care provider with the requisite consent, if the death of the unborn child was
the intended result of the procedure;


 (3) a lawful medical procedure performed by a physician or other licensed health
care provider with the requisite consent as part of an assisted reproduction as
defined by Section 160.102, Family Code; or


 (3) the dispensation of a drug in accordance with law or administration of a drug
prescribed in accordance with law. (2)


That is, a woman has a legal right to terminate the life of her unborn child. A physician or
other licensed health professional has a legal right to terminate the life of an unborn child if 
he does so with appropriate consent. Neither of them is criminally liable for what would
otherwise be a capital murder. But the plain language of the statute might well be read to
make anyone who assisted the woman or the physician in that lawful act subject to
prosecution for capital murder under the law of parties: the woman's mother, father, or
friend who drives the woman to the doctor's office or provides the money for a lawful
abortion with the intent that the woman obtain such an abortion; the unlicensed medical
assistant who helps the licensed doctor in performing the abortion; or, as appellant claims in
this case, the father of an unborn child who assists in an unorthodox procedure that
intentionally leads to a miscarriage. 

 Appellant argues that such an overbroad interpretation of the statute would violate the
due process and equal protection rights of the person who assisted the woman in performing
her lawful act. That is an issue that deserves serious consideration.

 In this case, however, there is ample evidence to support the conclusion that appellant
was not acting at the behest of the prospective mother, but was instead physically abusing
her. This was the State's theory throughout the trial. There is also contrary evidence,
including the testimony of the prospective mother herself, that she did ask appellant to assist
her in causing a miscarriage. Based upon all of the evidence, the jury found appellant guilty
of capital murder. I cannot say that a rational jury would necessarily have decided that
appellant was acting at the behest of, and with the consent of, the pregnant woman. Thus,
the issue of whether the failure to apply the Section 19.06 exemption to the capital murder
statute might violate the due-process or equal-protection rights of someone who assisted a
pregnant woman in obtaining an abortion or inducing a miscarriage is not directly before us. 
 The Court concludes that appellant failed to preserve his "as applied" challenge
because he filed only a pretrial motion to quash the indictment. The majority correctly states
that an attack upon the constitutionality of a statute as it is applied in the particular case
depends upon the specific facts of that case adduced at trial. Thus, a challenge to the
constitutionality of a penal statute "as applied" to the defendant can be made only after all
of the evidence is heard. (3) It may be made in the trial court by means of a motion in arrest of
judgment or motion for new trial. (4) The defendant may also attack the facial constitutionality
of a penal statute upon which his conviction is based for the first time on appeal. (5) But can
a defendant attack the constitutionality of a penal statute as it was applied to him and upon
which his conviction is based for the first time on appeal? I think that he can.

 A defendant must make an "as applied" challenge to the constitutionality of a
procedural statute in the trial court. (6) That timely challenge gives the trial court an
opportunity to decline to apply that procedural statute or make appropriate modifications to
its operation. But the trial court can do nothing more or less than an appellate court when
the defendant challenges the constitutionality of a penal statute under which he is prosecuted
after all of the evidence is submitted and a jury has returned a guilty verdict. If the defendant
prevails on his "as applied" constitutional claim, there will be no new trial. There is only one
remedy for either the trial or appellate court: dismiss the indictment and enter an acquittal
because the defendant was convicted under an unconstitutional application of an otherwise
valid penal statute. The contemporaneous-objection rule, essential though it may be in most
contexts, serves little purpose in a post-trial proceeding attacking the constitutionality of a
penal statute as it was applied. 

 It is polite to give the trial judge the first crack at determining whether a penal statute
was applied unconstitutionally to the defendant under a specific body of evidence, but the
trial judge can do nothing to salvage its operation or correct its application. The purpose of
the contemporaneous-objection rule is to provide both the trial judge and the opposing party
an opportunity to avoid or correct potential errors and thus avoid a procedurally improper
conviction and a subsequent retrial. (7) That purpose is not served when, after the jury returns
its verdict, the defendant challenges the constitutionality of a penal statute as it was applied. (8) 
 If the defendant is correct, the conviction disappears, and he cannot be held criminally liable. 
If the defendant is incorrect, the conviction stands. 

 Thus, I would not reject appellant's constitutional equal-protection claim on the basis
that he raised it in the trial court only in a pre-trial motion to quash. I think that he was
entitled to have the merits of that claim addressed by the court of appeals even though he did
not raise it in a motion for arrest of judgment or in a motion for new trial. (9) The court of
appeals did address appellant's claim on the merits, and I agree with its ultimate conclusion
in this case, though not necessarily with its reasoning.

 I concur in the judgment of the Court.

Filed: February 13, 2008

Publish 
1. Tex. Penal Code § 19.03(a)(8) 
2. Tex. Penal Code § 19.06. 
3. See Sheldon v. State, 100 S.W.3d 497, 505 (Tex. App.-Austin 2003, pet. ref'd) (op. on
reh'g) ("A motion to set aside an indictment or information may be used only for facial
challenges on constitutional grounds"; a claim that a statute is unconstitutional as applied may be
brought in the trial court after conviction by a motion in arrest of judgment or a motion for new
trial). Cf. Woods v. State, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) (noting that the purpose
of a pretrial motion or a motion to quash "is to address preliminary matters, not the merits of the
case itself. Preliminary matters are those issues that can be determined before there is a trial on
the general issue of the case.") (footnote omitted); State v. Rosenbaum, 910 S.W.2d 934, 948
(Tex. Crim. App. 1995) (op. on reh'g) (finding that Judge Clinton's dissenting opinion on
original submission was correct in holding that "in a pre-trial setting, there is neither
Constitutional nor statutory authority for an accused to raise and for a trial court to determine
sufficiency of evidence to support or defeat an alleged element of an offense such as 'materiality'
in a perjury case.").
4. Sheldon, 100 S.W.3d at 505. 
5. Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987) ("Questions involving the
constitutionality of a statute upon which a defendant's conviction is based should be addressed by
appellate courts, even when such issues are raised for the first time on appeal."); Anthony v.
State, 209 S.W.3d 296, 304 (Tex. App.-Texarkana 2006, no pet.).
6. Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (defendant must make a
timely, specific objection in the trial court to the constitutionality of Article 37.071 as applied;
because the capital murder defendant failed to raise his claims of "vagueness" and "uncertainty"
in the trial court, his points of error were not preserved for review).
7. See generally, Young v. State, 826 S.W.2d 141, 149 (Tex. Crim. App. 1991) (Campbell,
J., dissenting). Judge Campbell listed the following rationales for the contemporaneous
objection rule:

 There are many rationales for this raise-or-waive rule: that it is a necessary 
corollary of our adversary system in which issues are framed by the litigants and
presented to the trial court; that fairness to all parties requires a litigant to advance
his complaints at a time when there is an opportunity to respond to them or cure
them; that reversing for error not raised in the trial court permits the losing party
to second-guess its tactical decisions after they do not produce the desired result;
and that there is something unseemly about telling a trial court it erred when it
was never presented with the opportunity to be right. The principle rationale for
the rule, however, is judicial economy. If the losing side can obtain a reversal on a
point not argued in the trial court, the parties and the public are put to the expense
of a retrial that could have been avoided by better lawyering. Furthermore, if the
issue had been timely raised in the trial court, it could have been resolved there,
and the parties and the public would have been spared the expense of an appeal.

Id. 
8. If the appropriate mechanism to raise such a challenge in the trial court is by motion for
new trial or motion in arrest of judgment, those opportunities would not even save the time,
effort, and expense of a sentencing hearing as both of those motions may be considered only after
sentencing. Requiring an "as applied" challenge to the constitutionality of a penal statute to be
made in the trial court might save the time, effort, and expense of compiling the appellate record
and hearing the appeal, but, as a practical matter, that is unlikely as the losing party, either the
State or the defendant, may appeal the trial court's decision.
9. Of course, it might seem anomalous to challenge the constitutionality of the penal
statute in a motion for new trial because if appellant prevailed on his claim, the remedy is not a
new trial but dismissal of the indictment.