

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0265-07

### GERARDO FLORES, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### ANGELINA COUNTY

**COCHRAN, J., filed a concurring opinion in which JOHNSON, J., joined.**

### O P I N I O N

Appellant makes several strong arguments concerning the potential unconstitutionality of Section 19.06 of the Penal Code as it applies to the prosecution of one who assists a pregnant woman to lawfully obtain an abortion.

Section 19.03(a)(8) of the Penal Code makes the intentional murder of an individual–including an unborn child–under the age of six a capital murder.[1] Section 19.06 then states that the chapter dealing with homicide offenses does not apply to the death of an unborn

---

[1] TEX. PENAL CODE § 19.03(a)(8)

child if the conduct charged is:

> (1)    conduct committed by the mother of the unborn child;
>
> (2)    a lawful medical procedure performed by a physician or other licensed health care provider with the requisite consent, if the death of the unborn child was the intended result of the procedure;
>
> (3)    a lawful medical procedure performed by a physician or other licensed health care provider with the requisite consent as part of an assisted reproduction as defined by Section 160.102, Family Code; or
>
> (3)    the dispensation of a drug in accordance with law or administration of a drug prescribed in accordance with law.[2]

That is, a woman has a legal right to terminate the life of her unborn child. A physician or other licensed health professional has a legal right to terminate the life of an unborn child if he does so with appropriate consent. Neither of them is criminally liable for what would otherwise be a capital murder. But the plain language of the statute might well be read to make anyone who assisted the woman or the physician in that lawful act subject to prosecution for capital murder under the law of parties: the woman's mother, father, or friend who drives the woman to the doctor's office or provides the money for a lawful abortion with the intent that the woman obtain such an abortion; the unlicensed medical assistant who helps the licensed doctor in performing the abortion; or, as appellant claims in this case, the father of an unborn child who assists in an unorthodox procedure that intentionally leads to a miscarriage.

Appellant argues that such an overbroad interpretation of the statute would violate the

_____

[2]TEX. PENAL CODE § 19.06.

due process and equal protection rights of the person who assisted the woman in performing her lawful act. That is an issue that deserves serious consideration.

In this case, however, there is ample evidence to support the conclusion that appellant was not acting at the behest of the prospective mother, but was instead physically abusing her. This was the State's theory throughout the trial. There is also contrary evidence, including the testimony of the prospective mother herself, that she did ask appellant to assist her in causing a miscarriage. Based upon all of the evidence, the jury found appellant guilty of capital murder. I cannot say that a rational jury would necessarily have decided that appellant was acting at the behest of, and with the consent of, the pregnant woman. Thus, the issue of whether the failure to apply the Section 19.06 exemption to the capital murder statute might violate the due-process or equal-protection rights of someone who assisted a pregnant woman in obtaining an abortion or inducing a miscarriage is not directly before us.

The Court concludes that appellant failed to preserve his "as applied" challenge because he filed only a pretrial motion to quash the indictment. The majority correctly states that an attack upon the constitutionality of a statute as it is applied in the particular case depends upon the specific facts of that case adduced at trial. Thus, a challenge to the constitutionality of a penal statute "as applied" to the defendant can be made only after all of the evidence is heard.[3] It may be made in the trial court by means of a motion in arrest of

---

[3] *See Sheldon v. State*, 100 S.W.3d 497, 505 (Tex. App.–Austin 2003, pet. ref'd) (op. on reh'g) ("A motion to set aside an indictment or information may be used only for facial challenges on constitutional grounds"; a claim that a statute is unconstitutional as applied may be brought in the trial court after conviction by a motion in arrest of judgment or a motion for new

judgment or motion for new trial.[4] The defendant may also attack the facial constitutionality

of a penal statute upon which his conviction is based for the first time on appeal.[5] But can

a defendant attack the constitutionality of a *penal* statute as it was applied to him and upon

which his conviction is based for the first time on appeal? I think that he can.

A defendant must make an "as applied" challenge to the constitutionality of a

*procedural* statute in the trial court.[6] That timely challenge gives the trial court an

opportunity to decline to apply that procedural statute or make appropriate modifications to

its operation. But the trial court can do nothing more or less than an appellate court when

the defendant challenges the constitutionality of a *penal* statute under which he is prosecuted

after all of the evidence is submitted and a jury has returned a guilty verdict. If the defendant

---

trial). *Cf. Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) (noting that the purpose of a pretrial motion or a motion to quash "is to address preliminary matters, not the merits of the case itself. Preliminary matters are those issues that can be determined before there is a trial on the general issue of the case.") (footnote omitted); *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1995) (op. on reh'g) (finding that Judge Clinton's dissenting opinion on original submission was correct in holding that "in a pre-trial setting, there is neither Constitutional nor statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged element of an offense such as 'materiality' in a perjury case.").

[4] *Sheldon*, 100 S.W.3d at 505.

[5] *Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987) ("Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal."); *Anthony v. State*, 209 S.W.3d 296, 304 (Tex. App.–Texarkana 2006, no pet.).

[6] *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (defendant must make a timely, specific objection in the trial court to the constitutionality of Article 37.071 as applied; because the capital murder defendant failed to raise his claims of "vagueness" and "uncertainty" in the trial court, his points of error were not preserved for review).

prevails on his "as applied" constitutional claim, there will be no new trial. There is only one remedy for either the trial or appellate court: dismiss the indictment and enter an acquittal because the defendant was convicted under an unconstitutional application of an otherwise valid penal statute. The contemporaneous-objection rule, essential though it may be in most contexts, serves little purpose in a post-trial proceeding attacking the constitutionality of a penal statute as it was applied.

It is polite to give the trial judge the first crack at determining whether a penal statute was applied unconstitutionally to the defendant under a specific body of evidence, but the trial judge can do nothing to salvage its operation or correct its application. The purpose of the contemporaneous-objection rule is to provide both the trial judge and the opposing party an opportunity to avoid or correct potential errors and thus avoid a procedurally improper conviction and a subsequent retrial.[7] That purpose is not served when, after the jury returns

---

[7] *See generally, Young v. State*, 826 S.W.2d 141, 149 (Tex. Crim. App. 1991) (Campbell, J., dissenting). Judge Campbell listed the following rationales for the contemporaneous objection rule:

> There are many rationales for this raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to the trial court; that fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond to them or cure them; that reversing for error not raised in the trial court permits the losing party to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a trial court it erred when it was never presented with the opportunity to be right. The principle rationale for the rule, however, is judicial economy. If the losing side can obtain a reversal on a point not argued in the trial court, the parties and the public are put to the expense of a retrial that could have been avoided by better lawyering. Furthermore, if the issue had been timely raised in the trial court, it could have been resolved there, and the parties and the public would have been spared the expense of an appeal.

*Id*.

its verdict, the defendant challenges the constitutionality of a penal statute as it was applied.[8] If the defendant is correct, the conviction disappears, and he cannot be held criminally liable. If the defendant is incorrect, the conviction stands.

Thus, I would not reject appellant's constitutional equal-protection claim on the basis that he raised it in the trial court only in a pre-trial motion to quash. I think that he was entitled to have the merits of that claim addressed by the court of appeals even though he did not raise it in a motion for arrest of judgment or in a motion for new trial.[9] The court of appeals did address appellant's claim on the merits, and I agree with its ultimate conclusion in this case, though not necessarily with its reasoning.

I concur in the judgment of the Court.

Filed:  February 13, 2008

Publish

---

[8] If the appropriate mechanism to raise such a challenge in the trial court is by motion for new trial or motion in arrest of judgment, those opportunities would not even save the time, effort, and expense of a sentencing hearing as both of those motions may be considered only after sentencing. Requiring an "as applied" challenge to the constitutionality of a penal statute to be made in the trial court might save the time, effort, and expense of compiling the appellate record and hearing the appeal, but, as a practical matter, that is unlikely as the losing party, either the State or the defendant, may appeal the trial court's decision.

[9] Of course, it might seem anomalous to challenge the constitutionality of the penal statute in a motion for new trial because if appellant prevailed on his claim, the remedy is not a new trial but dismissal of the indictment.