# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

No. 21-60324

Francis Zamaro-Silvero,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A216 860 672

---

ON MOTION TO AMEND OR CLARIFY

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:

The respondent's motion to amend or clarify is GRANTED.  The opinion, 60 F.4th 914 (5th Cir. Feb. 23, 2023), is WITHDRAWN.  The following opinion is SUBSTITUTED.

\* \* \* \* \*

Before Smith, Clement, and Wilson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Francis Zamaro-Silverio[1] petitions for review of the denial by the Board of Immigration Appeals ("BIA") of cancellation of removal and voluntary departure. The BIA held that Zamaro-Silverio had been convicted of a crime involving moral turpitude ("CIMT") and thus found her ineligible for those forms of discretionary relief. Because the BIA did not perform the proper analysis, we grant review, vacate, and remand for determination of whether Zamaro-Silverio's conviction was for a CIMT.

## I.

Zamaro-Silverio is a citizen of Mexico. She entered the United States illegally in approximately 2000 and has six children. She is married to a U.S. citizen, has been continuously employed since 2002, and has paid taxes every year since 2003. She is a caretaker to her father, a lawful permanent resident. She has many grandchildren in the United States, all of whom are U.S. citizens.

In 2017, Zamaro-Silverio accidentally struck a pedestrian with her car. The pedestrian "spun in the air and landed on the pavement," but Zamaro-Silverio fled the scene. In 2018, she entered a guilty plea in state court for a third-degree felony per Texas Transportation Code § 550.021 and was sentenced to five years' deferred adjudication.

While Zamaro-Silverio was on deferred adjudication, the Department of Homeland Security arrested her and charged her with being present without admission or parole under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). In 2020, Zamaro-Silverio filed an application for cancellation of removal with the immigration court; she also requested voluntary departure. The Immigration Judge ("I.J.") denied her application, finding her conviction to be for a CIMT that rendered her ineligible for cancellation under 8 U.S.C. § 1227(a)(2)(A)(i)(I).

---

[1] Contrary to court records, petitioner has notified us that her name is spelled with an 'i': 'Zamaro-Silverio.'

No. 21-60324

Zamaro-Silverio appealed to the BIA, which affirmed. In her petition for review, Zamaro-Silverio contends that her conviction was not for a CIMT. Before filing its response brief, the parties filed a joint motion for remand, which was denied by the motions panel. Zamaro-Silverio then filed a motion to reconsider with the BIA, which also denied the motion. The parties have filed supplemental briefing asking us to review whether the BIA's denial of the motion for reconsideration was error.

## II.

This court reviews *de novo* the BIA's conclusion on whether an offense qualifies as a CIMT, but we give *Chevron* deference to the agency's interpretation of the phrase "moral turpitude." *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 877 (5th Cir. 2017). We review decisions of the I.J. only to the extent they affect the ruling of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). If, however, the "the BIA has not spoken on 'a matter that statutes place primarily in agency hands,' our ordinary rule is to remand to 'giv[e] the BIA the opportunity to address the matter in the first instance in light of its own expertise.'" *Negusie v. Holder*, 555 U.S. 511, 517 (2009) (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam) (alteration in original).

## III.

Zamaro-Silverio asks us to consider whether her conviction is for a CIMT. If it is, she is automatically ineligible for cancellation of removal or voluntary departure. 8 U.S.C. § 1227(a)(2)(A)(i)(I). If it is not, the I.J. should determine, in the first instance, whether she is entitled to such discretionary relief.

Zamaro-Silverio was convicted under Texas Transportation Code § 550.021, which states,

(a) The operator of a vehicle involved in an accident that re-

sults or is reasonably likely to result in injury to or death of a person shall:

(1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident;

(3) immediately determine whether a person is involved in the accident, and if a person is involved in the accident, whether that person requires aid; and

(4) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

Section 550.023 defines the requirements of subsection (4). It requires the operator of a vehicle to

(1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;

(2) if requested and available, show the operator's driver's license to a person described by Subdivision (1); and

(3) provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

Tex. Transp. Code § 550.023.

Section 550.021 (Zamaro-Silverio's statute of conviction) "includes alternative means of commission." *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 289 (5th Cir. 2007). To determine whether a conviction is for a CIMT under such a statute, courts apply the "categorical approach." *Villegas-Sarabia*, 874 F.3d at 877. In the Fifth Circuit, that requires us first to deter-

mine the "minimum conduct" that would reasonably lead to a conviction under the statute. *Id.* We then ask whether that minimum conduct is a CIMT, not whether the alien's actual conduct is a CIMT. In other words, we "focus[] on the inherent nature of the crime, as defined in the statute . . . rather than the circumstances surrounding the particular transgression." *Id.* (quoting *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006) (second alteration in original)).

But that has not always been the analysis. Before *Mathis v. United States*, 579 U.S. 500 (2016), the Fifth Circuit used the "modified categorical approach." *See Gomez-Perez v. Lynch*, 829 F.3d 323, 326–28 (5th Cir. 2016). If a statute prohibited two distinct means of accomplishing a crime, the court would "look to the alien's record of conviction." *Garcia-Maldonado*, 491 F.3d at 288 (citing *Smalley v. Ashcroft*, 354 F.3d 332, 336 (5th Cir. 2003)). The question was whether that conduct was considered a CIMT.

Before *Mathis* was decided, our court considered whether a defendant who had violated a prior version of the Texas statute had committed a CIMT.[2] *Garcia-Maldonado*, 491 F.3d at 287–88. The court first determined that the statute could be violated by a showing of either "failure to share information" or "failure to . . . render aid." *Id.* at 288–89 (citing *Sheldon v. State*, 100 S.W.3d 497, 504 (Tex. App.—Austin 2003, pet. ref'd)). Applying the (now outdated) modified categorical approach, the court looked at the actual underlying conviction and noted that the alien in that case had been convicted of failing to render aid. *Id.* at 289. It then held that the failure to render aid was a CIMT. *Id.* at 290.

The BIA found that *Garcia-Maldonado* controlled the outcome for

---

[2] The main difference between the statutes is that the current § 550.021(3) was not included. That does not affect the analysis.

No. 21-60324

Zamaro-Silverio.  But in the wake of *Mathis*, that analysis is incorrect.  The proper focus is now on the minimum conduct prohibited by the statute, not on Zamaro-Silverio's particular actions.

The minimum conduct that can trigger liability under Zamaro-Silverio's statute of conviction is the failure to remain at the scene of the accident and provide one's name and other information.  *See* Tex. Transp. Code § 550.021(a)(4).  Thus, Zamaro-Silverio's deportability hinges on whether failure to share information is a CIMT.  *Villegas-Sarabia*, 874 F.3d at 877.  *Garcia-Maldonado* does not reach this question, and, similarly, the BIA did not answer it.  Given that "our ordinary rule is to remand to 'giv[e] the BIA the opportunity to address the matter in the first instance in light of its own expertise,'" we go no further.  *Negusie*, 555 U.S. at 517 (quoting *Orlando Ventura*, 537 U.S. at 17) (alteration in original).[3]

Therefore, the petition for review is GRANTED.  We VACATE and REMAND to the BIA with instruction to determine whether the failure to share information under § 550.021(a)(4) is a CIMT.

---

[3] Because we vacate and remand, we do not reach the remaining issues presented in the petition for review.

6